## No. 1133.

### MRS. SARAH P. TURNER vs. THE VICKSBURG, SHREVEPORT & PACIFIC RAILROAD COMPANY.

It is negligence in a railroad company to have a station platform higher than the steps of passenger coaches, and to require in consequence, that passengers should enter from the platform into a baggage car, and thence to proceed to the coach or coaches assigned to passengers. The company is liable in damages for injuries received by passengers while they are seeking to board a train in that manner at the request of the conductor.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson*, J.

*Boatner & Boatner* for Plaintiff and Appellee.

*A. B. Pittman* and *Ludeling & Stillman* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff claims damages in the sum of seven thousand five hundred dollars, for injuries received by her through the alleged carelessness and negligence of the defendant company and of its employees, when she was boarding one of its passenger trains at one of its stations.

The defense is a general denial, coupled with the special averment that as the wife of one of the company's employees, travelling free of

·charge, plaintiff cannot recover damages for injuries received under such circumstances.

The defendant appeals from a verdict and judgment against it in the sum of one thousand dollars, and plaintiff prays for an increase of the allowance.

The record shows that plaintiff was not a free passenger, and that she had paid her fare; hence that element of the defense is virtually abandoned on appeal.

Concerning the manner in which the accident occurred, the testimony is considerably conflicting, but the preponderance of the evidence establishes to our entire satisfaction the following state of facts:

When the train, which was a mixed one, freight and passenger, was stopped at the platform of the station, the passenger coaches did not reach the platform which in height was nearly even with the floor of the ordinary railroad coaches; whereupon the conductor requested plaintiff to enter in the baggage car, which stood against the platform, and from there to walk to the rear end of the train to the ladies' car, which was the second from the baggage coach.

After assisting her from the platform, and she had begun to walk to the rear, the conductor gave the usual signal to start the train. At the moment that she was stepping from that car to the next, unassisted by anyone, the train moved with a jerk, causing her a mis-step, in conse-quence of which she lost her balance and fell to the ground between the platforms of the adjoining cars, and received serious injuries, breaking two ribs of her body, from which injuries she was confined to a bed of suffering for a considerable length of time, and from the effects of which she had not yet recovered when the case was tried below.

From that statement we conceive that it would be difficult to present a case of greater negligence and of more wanton indifference to the safety of its passengers on the part of any common carrier.

No principle finds more solemn sanction in jurisprudence and even in the sense of humanity than that which imposes on railway compa-nies "the legal obligation to furnish safe and proper means of ingress and egress to and from trains, platforms, station approaches, etc." Courts have imposed that obligation on railroad companies for the protection even of persons who go to the depots and stations only on business.

But it is easy to conceive that the duty is still more imperative and sacred in the case of passengers who desire to enter on or leave a train

after paying therefor, and thus entering into a contract which makes the obligation to provide for their safety, absolutely binding and perfect.

Hence we have no hesitation in holding that a railroad company which affords no greater facilities to passengers in boarding their trains than the alternative to step down to the ground from a platform, and thence to climb up the car steps into the proper passenger coach, or to step into a baggage car and thence to walk to the rear, crossing over car platforms while the train is in motion, is guilty of gross negligence, and is responsible in damages for injuries received by its passengers in their attempt to perform this unjustly imposed feat.

In the case of Peniston vs. Railroad Company, 34 Ann. 778, we had occasion to make an extended review of jurisprudence in its exposition of the principle which underlies the present case, and we need not repeat here the satisfactory result of our researches. Suffice it to say that the degree of negligence which we have to deprecate in the case at bar, is much greater than that involved in the case referred to.

We note the forcible argument made by plaintiff's counsel for an increase of the damages allowed her by the lower court. The increase asked is predicated on prospective damages growing out of the helpless condition of their client, who is now a widow, unable to labor for her livelihood; but the record shows that her husband, who was fully able to support her, has died since the occurrence, and hence her helpless condition is due to the loss of her husband, and not to the fault of the defendant.

Courts must be very cautious in dealing with elements of prospective damages, which should never be allowed but in clear cases, supported by tangible proof, and in a measure independent of expert testimony.

We think that the verdict of the jury has done full justice in the premises, and we do not feel warranted to disturb it.

Judgment affirmed.