HENRY DAVIS v. LOUISVILLE, NEW ORLEANS & TEXAS RAILWAY COMPANY.

1. CONTRIBUTORY NEGLIGENCE. *Apparent danger.*

The charge of contributory negligence may be avoided by proof that the injury resulted from an act which the defendant required the plaintiff to perform, if the act was not apparently dangerous.

2. APPARENT DANGER. *Question of fact. Belief of injured person.*

Whether there was in fact apparent danger is a question for the jury, and the belief of the injured person that the act was attended with danger will not be conclusive.

3. RAILROADS. *Injury to passenger. Contributory negligence.*

It is not contributory negligence *per se* for a man accustomed to railway travel to attempt to pass from a passenger-coach to the baggage-car while the train is moving three or four miles an hour if, after the signal for his station is given, the conductor tells him that the train will not have time to stop, and directs him to hasten to the baggage-car in order to get certain goods preparatory to getting off.

FROM the circuit court of Washington county.
HON. R. W. WILLIAMSON, Judge.

Action by appellant against appellee for personal injuries. Peremptory instruction for defendant. The evidence of the plaintiff, in the light of which the propriety of the peremptory instruction is determinable, is stated in the opinion.

*Wilford H. Smith*, for appellant.

It was not negligence *per se* for plaintiff, in obedience to the conductor's order, to attempt to pass into the baggage-car while the train was in motion. 36 N. Y., 135; 37 N. Y., 287; 49 N. Y., 47; 59 N. Y., 351; 53 Ill., 510; 66 N. C., 794; 46 Tex., 356; 2 Woods' Ry. Law, 1151; *Georgia Pacific Ry. Co.* v. *West*, 66 Miss., 310.

*Mayes & Harris,* for appellee.

It was manifestly dangerous for plaintiff to attempt to pass into the baggage-car while the train was in motion. The authorities relied on by appellant only establish that it is not negligence *per se* to perform, at the request of the defendant, an act that is dangerous unless the danger is apparent. The principle holds where there is nothing to show that the act is in itself dangerous. Neither the advice nor direction of the conductor will justify the performance of an act obviously dangerous. 2 Woods' Ry. Law, 1152.

The plaintiff swore that he knew of the danger. There was therefore no question for the jury to pass upon. See also Patterson, Ry. Ac. L., § 275.

WOODS, J., delivered the opinion of the court.

If the plaintiff's evidence, taken alone, would not have upheld a verdict in his favor, then the peremptory instruction for the defendant was correct; otherwise, it was not.

The evidence of the plaintiff was to this effect: That he had been admonished by the conductor of the train on which he was being transported as a passenger, after the engineer had given the customary signal of the approach of the train to the station to which plaintiff was to be carried, and at which he desired to disembark, that he, the plaintiff, must hurry off, as the train did not have time to stop at the station then near at hand; that the train was running three or four miles an hour; that plaintiff, as directed by the conductor, attempted to pass from the car in which he was sitting to the baggage-car to get his mason's tools, preparatory to getting off, as ordered by that servant of the company; and that, in so doing, without fault on his part, he received the injuries complained of.

We are of opinion that this state of facts did not disclose negligence *per se* in the plaintiff. On the evidence of the plaintiff alone, the case was one peculiarly for the consideration of the jury; and whether, on all the evidence, the plaintiff

was shown to have been guilty of contributory negligence should have been passed upon by the jury.

One may avoid the charge of contributory negligence by showing that he received the injury complained of while performing an act required to be done by the defendant, such act not being apparently dangerous. Of course, if the act required to be done was plainly dangerous, no recovery could be had. For example, if the train in question had been running at the rate of twenty miles an hour when the plaintiff undertook to get ready to leave it, under the direction of the conductor, and he had received the hurt in attempting to jump from the train, the court might and should have declined to submit the question of contributory negligence to the jury. In this case there would be no question of fact to submit, for the recklessness of behavior of the plaintiff in endeavoring to jump from a train, under such circumstances, is manifest. But suppose, as in the case at bar, the train was only moving three or four miles an hour, and the attempt was not, even then, to jump from the train, but, under the direction of the conductor, to pass from one car to another, preparatory to leaving the train, the plaintiff being about twenty years of age, a man well accustomed to railway travel, can it be affirmed that there was apparent danger, under this evidence, in attempting to obey the officer having charge of the train and the passenger? Or, rather, shall not this question and the question of the plaintiff's negligence be submitted to the jury to be determined in the light of the surrounding circumstances?

It is said, however, by appellee's counsel, that there was no question as to the apparent danger to plaintiff in attempting to comply with the conductor's order, because the plaintiff, in his own evidence, swears he knew it was dangerous to attempt to obey the conductor. We do not so understand the matter. The plaintiff's statement of his belief that the act was apparently dangerous is not conclusive of that question. The real point to be considered is, not what the plaint-

iff thought of the danger of the situation, but was it in fact apparent that there was peril? This question was one of fact, to be determined by the jury on all the evidence in the case.

                     *Reversed and remanded.*