ARMINDA McCASLIN v. THE LAKE SHORE & MICHIGAN
SOUTHERN RAILWAY COMPANY.

*Railroad companies—Negligence—Alighting from moving train—Pleading—Variance.*

1. A passenger is not guilty of negligence *per se* in alighting from
a train after it has stopped and he has been invited to alight,
and, while doing so, the train is started, and especially when
the brakeman or conductor is standing upon the ground invit-
ing and assisting him, unless the speed of the train is such
that the danger is obvious.

2. The plain inference from an averment in a declaration in a neg-
ligence case, that the train started "before the plaintiff had
reasonable time to safely alight," is that the train was negli-
gently started while the plaintiff was in the act of alighting,
and if a more specific allegation is desired the defendant should
demur.

3. An objection that there is a variance between a declaration in
a negligence case and the proofs, in that the declaration avers
that the plaintiff stood on the lower step of the car, and was
in the act of stepping therefrom, when the car started, while
the proof is that plaintiff stood near the door of the car, is
without merit, it being unnecessary to aver the exact place,
the *gist* of the action being that the train started while plaint-
iff was proceeding to alight.

Error to Ingham. (Person, J.) Argued October 27,
1892. Decided December 2, 1892.

Negligence case. Defendant brings error. Affirmed.
The facts are stated in the opinion.

*C. E. Weaver* (*Geo. C. Greene* and *O. G. Getzen-Danner*,
of counsel), for appellant.

*Cahill & Ostrander,* for plaintiff.

GRANT, J. Plaintiff purchased a ticket over defend-
ant's road from Lansing to Dimondale. She occupied a

seat a little back from the center of the car. As the train approached Dimondale, the station was called by the brakeman. Plaintiff arose from her seat before the cars stopped. Two passengers, Mr. and Mrs. Stiles, sat near her. Dimondale is a small place, and there were more passengers for that place than usual. There was no specified time for the stoppage of the train, but it was, of course, required to stop long enough to permit passengers to get off and on. Three passengers, including Mr. and Mrs. Stiles, preceded plaintiff. Mrs. Stiles was next to plaintiff, and Mr. Stiles carried her satchel. The first two passengers had alighted in safety, when the conductor gave the signal to the engineer to start. Plaintiff said she thought she was in the door, or near it, when the train started. She had heard the conductor say, "All aboard." Mrs. Stiles alighted with safety with the help of the brakeman. Plaintiff followed closely after Mrs. Stiles, and testified that as Mr. and Mrs. Stiles stepped down, and the brakeman reached for her, she gave him her hand, and got off. As she stepped upon the ground she fell and was injured. The fall was unquestionably caused by the motion of the train, although the brakeman may have been negligent in assisting her. Mr. Stiles testified that the train was not in motion when he got off. Mrs. Stiles says that the train was in motion when she got off, and that when she felt the motion of the car she was "somewhere at the head of the stairs." There was other evidence tending to show that the brakeman invited the plaintiff to alight, and told her to hurry up. The brakeman testified that he helped Mrs. Stiles down, and that he called out to plaintiff, "Hold on," or "Wait a minute," or something to that effect, and that he endeavored to get on the train to pull the cord. He also said that he had hold of her when she alighted, and assisted her as well as he could. The fact most in dispute was whether the

brakeman invited plaintiff to alight, or told her to wait. The exact position of the plaintiff in the car when the train started is not shown, but it is evident that she was near the door. The other facts in the case are chiefly undisputed.

Plaintiff, in her declaration, alleges the duty of the defendant to stop its train, and keep it stationary for a sufficient length of time to allow passengers to alight in safety, and not to move or start the train until all the passengers for that station had reasonable time and opportunity to alight; not to solicit or permit passengers to alight, nor to offer to aid and assist them in alighting, when the train was in motion. She then avers that the train had stopped; that she, with others, without fault or negligence on her part, attempted to alight, making all reasonable haste; that those who preceded her alighted in safety; that she, following immediately and closely after those preceding her, and without any fault or negligence on her part, attempted to alight, and reached and stood upon the lower step of the platform, and that, before she had reasonable time to safely alight, the train, through lack of due care on defendant's part, negligently started, and began to move away from the station; that defendant's brakeman negligently offered and attempted to help and assist her to alight, and negligently took hold of her hand for that purpose, and that she was forced to, and did, put her hand upon the shoulder of said brakeman in attempting to alight; that the moving train carried and took her feet to and beyond the place where the said brakeman was so standing, before she could step from said platform upon the ground, causing her to rest and support herself almost entirely upon the hand and shoulder of the brakeman, who, immediately her feet were clear of the platform, negligently let go his hold of her, in consequence of which she, without fault or negligence on her

part, was suddenly and violently dropped and thrown to the ground, the brakeman swinging himself upon the train and departing with it.

The above is a substantial statement of the plaintiff's case, as presented in her declaration.

The jury have found all the facts necessary to the plaintiff's claim in her favor, viz.:

1. That the plaintiff was proceeding with due promptness to alight from the train.

2. That the train had stopped, and she was invited to alight.

3. That the train had not stopped a reasonable length of time to permit the passengers for that station to alight.

4. That plaintiff was in the exercise of due care.

5. That the defendant was guilty of negligence in starting its train before plaintiff had alighted, and in inviting her to alight when the train was in motion.

1. The first point raised is that the declaration is insufficient, in that it does not distinctly aver that the train was not stopped for a sufficient length of time to enable plaintiff, using due diligence, to safely alight. We think the declaration is sufficient. It alleges that the train started "before the plaintiff had reasonable time to safely alight." The plain inference from the averments is that the train was negligently started while the passengers, including the plaintiff, were in the act of alighting. Had the defendant desired a more specific allegation, it should have demurred.

2. It is next insisted that there is a fatal variance between the declaration and the proofs, in that the declaration avers that the plaintiff stood on the lower step of the car, and was in the act of stepping therefrom, when the car started, while the proof is that she stood near the door. The point is technical, and without merit. Defendant was not misled by the averment or the proof. The gist of the action is that the train started while plaintiff was proceeding to alight. It is immaterial whether she

stood near the door, on the platform, or on one of the steps. It was unnecessary to aver the exact place, nor does its averment preclude proof that she in fact stood two or three feet from the place alleged.

3. The main question in the case is, was plaintiff guilty of negligence in alighting from the train, under the circumstances, when it was in motion? Defendant's counsel insist that the court should have directed a verdict for it, because plaintiff passed out of the car, down the steps, and alighted, when she knew that the train was moving. The learned counsel in this proposition leave out entirely the facts that the train was moving slowly; that she had been invited to alight; that the brakeman stood there to assist, and did assist, her to alight; and that he suddenly let go her hand, and swung himself upon the departing train.

The authorities are quite uniform that jumping from a moving train before it has reached the station, and boarding a train while in motion, are presumptivly negligent acts, and in many cases are negligent *per se;* so, also, is the act of jumping from a train which is running past the station where the passenger desires to stop. *Lake Shore & M. S. Ry. Co. v. Bangs,* 47 Mich. 470; *Kirchner v. Detroit City Railway,* 91 Id. 400; *Railroad Co. v. Aspell,* 23 Penn. St. 147; *Railroad Co. v. Randolph,* 53 Ill. 510; *Railroad Co. v. Hazzard,* 26 Id. 373; *Dougherty v. Railroad Co.,* 86 Id. 467; *Damont v. Railroad Co.,* 9 La. Ann· 441; *Railroad Co. v. Hendricks' Adm'r,* 26 Ind. 232; *Railroad Co. v. Swift,* Id. 459. But it is not negligent *per se* for a passenger to alight from a train after it has stopped and he has been invited to alight, and, while doing so, the train is again started, and especially when the brakeman or conductor is standing upon the ground inviting and assisting him, unless the speed of the train was such that the danger is obvious. This proposition is based upon sound reason and good sense. It is sustained by the

clear weight of authorities, which it is unnecessary here to cite.    They will be found in the text-books, where the principle is laid down.    Beach, Contrib. Neg. § 53; Bish. Non-Cont. Law, § 1101; Whart. Neg. § 380; Thomp. Trials, § 1684.

The learned circuit judge fully and clearly explained to the jury the law applicable to the case, both as to the negligence of the plaintiff and that of the defendant, and properly left it to them to determine the question of plaintiff's negligence.    Under the circumstances, as shown by plaintiff's evidence, it is apparent that but few, if any, would hesitate to alight from the train as she did.    The language of this Court in *Strand v. Railway Co.*, 64 Mich. 216, applies to this case and controls it.    See pages 219, 220.

Judgment affirmed.

The other Justices concurred.