ILLINOIS CENTRAL RAILROAD COMPANY *v.* CHEEK.

[No. 18,250. Filed April 27, 1899. Rehearing denied July 7, 1899.]

COMPLAINT.—*Personal Injuries.—Description of Injuries.—Motion to Make More Specific.*—A complaint against a railroad company for damages, alleging that plaintiff, while attempting to enter a passenger car, sustained severe and permanent injuries, described as the displacement of the right ovary, and the rupture of the organs of the "pelvic and ileocolic and right inguinal region, and the straining of the right fallopian tube, and a disarrangement of the uterus," etc., is not so vague and uncertain in the description of the injuries sustained as to be subject to a motion to make more specific. *pp. 665-667.*

APPEAL AND ERROR.—*Assignment of Error.*—Where appellant assigned the action of the court in overruling separate demurrers to two paragraphs of complaint, "that the court erred in overruling appellant's demurrer to appellee's complaint," the complaint will be considered as assailed as an entirety, and both paragraphs must be shown to be insufficient to render the assignment available. *p, 667.*

PRACTICE.—*Harmless Error.—Special Verdict.—Appeal and Error.*—Where the special verdict followed the materal facts as averred in the second paragraph of complaint, an erroneous ruling on a demurrer to the first paragraph will not constitute reversible error on appeal. *pp. 667, 668.*

CONTRIBUTORY NEGLIGENCE.— *Damages.— Railroads.—Complaint.*—A complaint against a railroad company for damages on account of injuries sustained by plaintiff in attempting to enter defendant's passenger car, alleged that defendant neglected to construct a platform at its station where plaintiff took passage; that defendant stopped its train at a place where the distance from the ground to the lowest step on the car was three feet, and invited the plaintiff to board the car in such position without furnishing a stool to assist her in reaching the steps; that plaintiff requested that a stool be furnished for such purpose, but the servants in charge of the train assured her that they would assist her to board the train in safety, and in making an effort to enter the car without any fault or negligence on her part she was injured. *Held,* that the com-

| | |
|---|---|
| 152 | 663 |
| 153 | 593 |
| 153 | 608 |
| 152 | 663 |
| 154 | 185 |
| 155 | 100 |
| 152 | 663 |
| 157 | 95 |
| 152 | 663 |
| 159 | 106 |
| 152 | 663 |
| 162 | 345 |
| 152 | 663 |
| e163 | 457 |
| 152 | 663 |
| f164 | 485 |
| 152 | 663 |
| f166 | 296 |
| f168 | 279 |
| 152 | 663 |
| 169 | 38 |
| f170 | 215 |

Illinois, etc., R. Co. *v.* Cheek.

plaint does not show, as a matter of law, that plaintiff was guilty of contributory negligence. *pp. 668-671.*

INTERROGATORIES TO JURY.—*When Properly Rejected.*—Interrogatories which do not call for findings of essential facts within the issues are properly rejected. *p. 672.*

SAME.—*When Properly Rejected.—Special Verdict.*—Where a special verdict is so framed, by means of interrogatories, that the jury can find, under the evidence, all of the material facts of the case, neither party can successfully complain of the action of the court in rejecting interrogatories submitted. *p. 673.'*

SAME.—*Conclusions of Law.—Special Verdict.*—Incorporating in a special verdict interrogatories requiring the jury to state conclusions of law instead of facts is harmless. *p. 673.*

SPECIAL VERDICT.—*Omission of Formal Conclusion.*—Where the facts in a special verdict are properly stated the omission of the formal conclusion will not vitiate it. *pp. 673, 674.*

APPEAL AND ERROR.—*Record.—Instructions.*—Instructions which are not made part of the record by bill of exceptions, nor under the provisions of section 544 Burns 1894, are not subject to review on appeal. *p. 674.*

CONTRIBUTORY NEGLIGENCE.—*Special Verdict.—Conclusion.*—Where the facts disclosed by a special verdict are such as would warrant reasonable men in drawing two inferences as to the contributory negligence of plaintiff, and the jury found the ultimate fact of contributory negligence in favor of the plaintiff, such inference will be accepted by the court as conclusive. *pp. 674-677.*

APPEAL AND ERROR.—*Excessive Damages.*—Where appellant challenged the damages assessed by an assignment in a motion for a new trial that the damages were excessive, the Supreme Court will look to the evidence, and not to the special verdict to determine such question. *pp. 677, 678.*

SAME.—*Excessive Damages.*—The mere fact that damages assessed may appear to the Supreme Court to be excessive will not alone justify it in disturbing the judgment, unless the assessment is so large as to induce the belief that the jury was actuated by prejudice, partiality, or corruption. *p. 678.*

SAME.—*Record.—Misconduct of Jury.*—Alleged misconduct of the jury cannot be reviewed on appeal where the affidavits filed upon the trial of that issue have not been brought into the record by a bill of exceptions. *p. 679.*

SAME.—*Exclusion of Evidence.—Exceptions.—How Saved.*—In order to present any question on appeal as to the action of the court in excluding evidence, the record must clearly show that the witness was asked a pertinent question, and, upon objections being interposed, that a statement was made by the party offering the evidence

of what was proposed to be proved by the witness in answer to the question.  *pp. 679, 680.*

From the Warren Circuit Court.  *Affirmed.*

*W. L. Rabourn, J. E. Williamson* and *L. J. Hackney,* for appellant.

*J. Frank Hanley, W. R. Wood, H. D. Billings, E. F. McCabe* and *R. Braden,* for appellee.

JORDAN, J.—This action was instituted by the appellee to recover damages for the alleged negligence of appellant resulting in an injury to her on attempting to enter a passenger car on the railroad of appellant at a station at the town of Ullin, in the state of Illinois.  There was a special verdict returned by the jury formulated by means of interrogatories submitted by the court under the provisions of the act of 1895, and the jury therein assessed appellee's damages in the event she was entitled to recover upon the facts found, at $14,000.  Over appellant's motion for a new trial the court rendered judgment on the special verdict in favor of appellee for the damages assessed.

The complaint is in two paragraphs.  The second paragraph, after alleging facts disclosing that the defendant is a duly organized corporation, engaged in the business of a common carrier, operating a railroad through the town of Ullin, in the state of Illinois, which line also extends into Warren county, Indiana, proceeds, *inter alia,* to allege substantially the following facts: The plaintiff on January 13, 1895, was the holder of a ticket which entitled her to be carried as a passenger on the defendant's cars.  On said day she was at the station of the defendant's railroad, at said town of Ullin, for the purpose of taking passage over defendant's road.  The defendant had negligently failed to erect and maintain at said station a platform, and on the arrival of its passenger train on that day at the station in question the train was stopped by the servants in charge thereof at a point on the track where there was no platform, and where

the distance between the ground and the lowest of the steps leading to the platform of the car was three feet. It was the custom and general habit of the defendant when it stopped its trains at said station, before inviting passengers to board such trains to procure a stool or step for their use in boarding the train. After the train had stopped at the point aforesaid on the occasion in question, the defendant by its servants invited plaintiff and other passengers to board said train. The plaintiff, on approaching the train, and observing the distance between the ground and the car step, requested defendant's servants in charge of the train to procure a step or stool to assist her in reaching the car step. Said servants negligently failed and refused to procure such step or stool, but assured plaintiff that they could and would assist her safely to board the train as it then stood without the use of such step or stool. Plaintiff believed and relied upon the statements and representations of defendant's servants so made and, depending upon them for assistance, attempted to and did, board said train. The servants of the defendant, however, negligently failed to render her proper and sufficient assistance in boarding the train and, in stepping from the ground to the step on said car, plaintiff, without any fault or neglect on her part, and by reason of the great distance of the step from the ground that she was required to make, and by reason of the said negligence of defendant's servants, and of the premises aforesaid, and because of the lack of assistance from said servants, sustained severe and permanent injuries, which are particularly stated as being the displacement of the right ovary the rupture of the organs of the "pelvic and ileocolic and right inguinal region, and the straining of the right fallopian tube, and a disarrangement of the uterus, etc. The defendant moved the court to require the plaintiff to specify what particular organs of the "inguinal region" were ruptured, and in what manner and to what extent the uterus was disarranged and the right ovary displaced; to state what particular organs were ruptured, whether they ·

were "nerves, muscles, or intestines," etc.   This motion the court denied, and of this ruling appellant complains.

By the express provisions of the code, section 376 R. S. 1881, section 379 Burns 1894, section 376 Horner 1897, when the allegations of the pleading are so uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendments.   It is essential that the issuable facts alleged in the complaint be stated in a sufficiently certain or definite manner so as fully to inform the defendant of what is alleged against him, and thereby prepare him to meet the charge by his defense.   Beyond this the pleader is not required to go.   This rule is a familiar one and well settled by repeated decisions of this court.   The complaint at bar certainly cannot be said to be open to the objection that it is vague or uncertain in its description of the injuries sustained by the appellee as a result of the wrong imputed to appellant, therefore the motion to make more specific was properly overruled.

Appellant demurred separately to each paragraph of the complaint.   This demurrer was overruled, and in this court, instead of assigning the separate rulings on demurrer as errors, appellant has assigned only "that the court erred in overruling appellant's demurrer to appellee's complaint." By this assignment the complaint must be considered as assailed by the demurrer as an entirety, and hence, under the circumstances, both paragraphs of the complaint must be shown to be insufficient in order to render the assignment available in this appeal.   Elliott's App. Proc. section 377. Therefore, we may limit our consideration relative to the sufficiency of the complaint to the second paragraph alone, for if the latter is sufficient, we need not extend our investigation to the objections urged against the first paragraph. Again, upon another view of the case, the special verdict of the jury apparently follows the material facts as averred in the second paragraph of the complaint; consequently, a cor-

rect decision upon the law may be made on the facts as set out in the special verdict, and therefore, an erroneous ruling on a demurrer to the first paragraph of the complaint, under such circumstances, will not constitute reversible error. *Smith* v. *Wells Mfg. Co.*, 148 Ind. 333, and cases there cited.

It is insisted by appellant's learned counsel that, under the facts disclosed by the complaint, contributory negligence must be imputed to the appellee. The facts averred in the complaint show, as heretofore stated, that appellant neglected to construct and maintain a platform at its station at the town of Ullin; that the train upon which appellee was intending to and did take passage upon the occasion in question, on its arrival at the station of Ullin, was stopped by appellant at a point on its track where there was no platform, and where the distance between the ground and the lowest step of the series of steps leading up to the platform of the car which appellee boarded was three feet. The servants of appellant in charge of the train on this occasion invited appellee to board the car in the position or at the place at which it was then standing waiting to receive passengers. It appears that it had been the custom, previously, of the defendant company at this station, before inviting passengers to enter its cars to furnish a stool to facilitate their reaching the steps leading to the platform of the car; but on the occasion of the accident it failed to make this provision, although appellee, it seems, requested that the stool be furnished for that purpose. It is true that it is disclosed by the facts that she, on approaching the train, observed the distance between the ground and the first step of the series leading up to the platform of the car, but it also appears that the servants of appellant in charge of the train, under the circumstances, gave her assurance that they could and would assist her to board the train in safety at the point where it was standing, and she, believing and relying upon their promises and assurances of safe assistance, made the effort to enter the car,

and in so doing, without any fault or negligence on her part, was injured.

Counsel for appellant, among other things, insist that appellee must be held to be guilty of contributory negligence; first, because of her failure to demand, before attempting to board the train, that it be placed at a point where to board the same would have been rendered more convenient and safe, and second, in attempting to board the car after she saw the distance between the ground and the car step. There are no tenable grounds urged to exempt appellant of the negligence attributed to it. That actionable negligence must be imputed to appellant, under the averments of the complaint, cannot be successfully controverted. The facts therein alleged show that the train was stopped on the occasion of the accident at the station in question at a point where there was no platform, and where the distance from the ground to the first car step was three feet. In this condition of its train, without procuring a stool or furnishing any other means to facilitate the entry to its car upon the part of passengers, it, through its servants, invited appellee to take passage upon the train, and, in addition to its invitation or direction, gave her assurances that it would assist her to board the car in safety. To reach the lowest step of the car it appears that it became necessary, under the circumstances, for her to step upwards from the ground at the point where the car stood a distance of three feet, and thereby, it seems, she was subjected to an excessive strain or compression which resulted in the injuries of which she complains.

No doctrine is better settled than that which exacts of, and imposes on, railroad companies engaged as common carriers of passengers the duty of stopping their trains at stations at proper and safe places for the exit and entry of passengers, and also to provide suitable and safe means by which they may leave and enter the cars; and a failure to discharge these obligations, when such failure results in injury to a passenger, in the absence of contributory negligence on the part

of the latter, renders the company guilty of actionable negligence. 4 Elliott on Railroads, section 628; *Pennsylvania Co.* v. *Marion*, 123 Ind. 415, 7 L. R. A. 687; *Terre Haute, etc., R. Co.* v. *Buck*, 96 Ind. 346; *New York, etc., R. Co.* v. *Doane*, 115 Ind. 435; *Louisville, etc., R. Co.* v. *Lucas*, 119 Ind. 583, 6 L. R. A. 193; *Lucas* v. *Pennsylvania Co.*, 120 Ind. 205; *Ohio, etc., R. Co.* v. *Stansberry*, 132 Ind. 533; *Turner* v. *Vicksburg, etc., R. Co.*, 37 La. Ann. 648, 55 Am. Rep. 514; *Missouri Pacific R. Co.* v. *Watson*, 72 Texas 631, 10 S. W. 731; *Eichorn* v. *Missouri, etc., R. Co.*, 130 Mo. 575, 32 S. W. 993.

In respect to the contention of counsel that, under the facts alleged in the second paragraph of the complaint, contributory negligence must be imputed to appellee, it may be said that it is a familiar rule of pleading, and one well settled by numerous decisions of this court, that a general averment in a complaint for personal injuries, to the effect that the plaintiff was injured, without any fault upon his part, is sufficent to show the absence of contributory negligence, unless the latter is clearly disclosed by other specific averments in the complaint. It certainly cannot be asserted that the facts especially pleaded in the complaint in this case, notwithstanding the general averment that appellee was without fault, are of such a character or nature that the court is required to adjudge as a matter of law that appellee was guilty of contributory negligence. At the time of the alleged accident, as the averments of the complaint show, she was a woman of thirty-five years of age, strong and active, and, while it is true that the complaint alleges that she observed the distance between the ground and the car step before she made the attempt to board the train, nevertheless it is also clearly disclosed that she made the attempt which she did in pursuance of the express invitation or direction of appellant's servants in charge of the train, and upon the assurances which they gave that they would assist her safely to overcome the difficult circumstances which confronted her. The

danger to which she was exposed cannot be said to have been so known or apparent that a prudent person, under the circumstances, would not have encountered the peril of attempting to board the car. Therefore she had the right to rely on the promises or directions of the servants of appellant, and assume that if she followed their directions her entry upon the car would not be attended with danger. The employes of a railroad company in control of its trains represent the corporation, and are at least presumed to have such experience and knowledge in their business as will enable them properly to advise or direct passengers to enter or alight from such trains safely. As a general rule, a passenger is justified in obeying or heeding the directions of the servants or agents of the carrier, and in relying upon their assurances that it is safe for him to act, under the particular circumstances, unless such obedience or assurances will expose him to such known or apparent danger that an ordinarily prudent person would not encounter. The mere fact that it appears, under the circumstances, that, had the passenger not obeyed such directions, he would have escaped the injury which he sustained, will not relieve the carrier of liability. In support of the above principles, see the following authorities: *Louisville, etc., R. Co.* v. *Bisch,* 120 Ind. 549, and cases there cited; *Lake Erie, etc., R. Co.* v. *Fix,* 88 Ind. 381; *Pennsylvania Co.,* v. *Hoagland,* 78 Ind. 203; *Nave* v. *Flack,* 90 Ind. 205; *Louisville, etc., R. Co.* v. *Kelley,* 92 Ind. 371; *Prothero* v. *Citizens' St. R. Co.,* 134 Ind. 431; *Olson* v. *St. Paul, etc., R. Co.,* 45 Minn. 536, 48 N. W. 445; *Lewis* v. *Delaware, etc., Canal Co.,* 145 N. Y. 508, 40 N. E. 248; *Weiler* v. *Manhattan R. Co.,* 6 N. Y. Supp. 320; *Lambeth* v. *North Carolina R. Co.,* 66 N. C. 494; *Hinshaw* v. *Raleigh, etc., R. Co.,* 118 N. C. 1047, 24 S. E. 426; *Watkins* v. *Raleigh, etc., R. Co.,* 116 N. C. 961, 21 S. E. 409; *Baltimore, etc., R. Co.* v. *Leapley,* 65 Md. 571, 4 Atl. 891; *St. Louis, etc., R. Co.* v. *Cantrell,* 37 Ark. 519; *St. Louis, etc., R. Co.* v. *Rosenberry,* 45 Ark. 256; *Baltimore, etc., R. Co.*

v. *Kane*, 69 Md. 11, 13 Atl. 387; *Atchison, etc., R. Co.* v. *Hughes*, 55 Kan. 491, 40 Pac. 919; *McCaslin* v. *Lake Shore, etc., R. Co.*, 93 Mich. 553, 53 N. W. 724; *Davis* v. *Louisville, etc., R. Co.*, 69 Miss. 136, 10 South. 450. While a person, as a general rule, may avoid the charge of contributory negligence, when it appears that he received the injury of which he complains while acting in obedience to the directions of the defendant, yet, if the danger is obvious and of such a character that an ordinarily prudent person would not incur the peril, then the passenger, as the authorities generally affirm, is not warranted in obeying the directions of the carrier's agents or servants, or in relying on their assurances of safety. Whether the act of appellee in attempting to board the car, by which she sustained the injury in question, constitutes contributory negligence, depends upon whether the danger was so patent that an ordinarily prudent person, under the circumstances, would not have made the attempt; and this was a question of fact which she had a right to have submitted to the jury for their determination. Negligence, generally speaking, is held to be a mixed question of law and fact, and a court cannot adjudge an act to be negligent, as a matter of law, unless it is such as all reasonable men would be likely to deduce an inference of negligence therefrom. If the inference is doubtful, the question then becomes one of fact for the decision of the jury under the proper instructions of the court. *Stoner* v. *Pennsylvania Co.*, 98 Ind. 384. It follows that the objections urged against the complaint are not tenable, as it sufficiently states a cause of action, and the demurrer was therefore properly overruled.

It is next contended that the trial court erred in not embodying in the special verdict, at the request of appellant, certain interrogatories. In answer to this contention it may be said that some of these interrogatories did not call for a finding by the jury of essential facts within the issues of the case, and hence were properly rejected. Others of them

were substantially covered by those submitted by the court. The burden of establishing the facts essential to a recovery under the issues rested upon appellee, and, in the event the special verdict did not state the material facts in her favor, she could not recover, as the court will supply nothing by intendment. In view of this fact, we fail to recognize in what manner appellant was injured by the refusal of the court to make the interrogatories in question a part of the special verdict. All that was necessary, in preparing the verdict to be submitted to the jury, was for the court to require that it should be so framed by the means of interrogatories that the jury thereby could find, under the evidence, all of the material facts of the case,—the undisputed ones as well as those which were disputed, and when a special verdict is so framed, neither party can successfully complain. *Pittsburgh, etc., R. Co.* v. *Spencer*, 98 Ind. 186. When tested by this rule of practice, the verdict in the case at bar, as formulated and submitted to the jury, must be held to be substantially sufficient; consequently, upon no view of the case was there any prejudicial error in the court's refusing to embrace therein other interrogatories at the request of appellant.

It is also insisted that the court erred in incorporating in the special verdict certain interrogatories which, it is claimed, required the jury to state conclusions of law instead of material facts. If this be true, however, the harm resulting to appellant, if any, does not necessarily result by reason of the submission of the interrogatories which called for a conclusion of law, but must arise from the fact that the court, under the circumstances, rendered judgment against defendant on an insufficient special verdict; for the rule is that such a verdict will be upheld if it contains facts sufficient, after eliminating improper matters therein embraced, to sustain the judgment. *Reeves* v. *Grottendick*, 131 Ind. 107, and cases there cited.

It is also claimed that the verdict is vitiated for the reason

that it does not contain a formal closing to the effect that if, upon the facts found, the law is with the defendant, then the jury finds in its favor. . There is no merit in this contention.

Where the facts in such a verdict are properly stated, an omission of the formal conclusion will not vitiate it. *Bower* v. *Bower*, 146 Ind. 393, and cases there cited.

Counsel for appellant criticise as erroneous certain instructions given by the court. Appellee's counsel contend, however, that the instructions in question have not been made a part of the record by a bill of exceptions nor under the provisions of the code, section 544 Burns 1894. An examination of the transcript verifies appellee's contention, therefore, under a well settled rule, the instructions are not subject to review in this appeal.

Omitting the facts stated in the verdict, which go to show that appellant is a duly organized corporation, engaged as a common carrier in operating and controlling a railroad which passes through the town of Ullin, in the state of Illinois, etc., the other facts therein may be summarized as follows: On and prior to January 13, 1895, appellant maintained a station on its railroad at the town of Ullin, in the state of Illinois, where its trains stopped for the purpose of receiving and discharging passengers. At this station it maintained a platform, constructed out of cinders, from which passengers were taken aboard its trains. This platform was about 240 feet in length, and was constructed in such a manner as to be about two inches lower than the tops of the ties of the railroad. On said 13th day of January, 1895, appellee was the holder of a mileage ticket which entitled her to be carried as a passenger on appellant's trains, and on that day she became a passenger at the said station on one of its passenger trains for the purpose of going to Effingham, in the state of Illinois. On the arrival of the train upon which appellee embarked at said station on that day, the servants in charge thereof stopped it at a point south of this platform so that the ladies' car connected with said train stood at a point

where there was no platform, and where the distance between the ground and the first step of this car was thirty inches. This train consisted of an engine and tender, a mail and baggage car, smoking car, a ladies' car, and a sleeping car. After the train stopped, appellant's brakeman on said train invited appellee to come to the ladies' car, and board it as it then stood. She, in response to this invitation, went to the north end of this car, but before attempting to board it, she, as the jury finds, protested against attempting to step the distance between the ground and the car step, which the jury find was thirty inches. Appellant provided no foot stool or step of any kind to enable appellee to board this car, but the brakeman assured her that he would assist her safely to board the car in the position, or at the point where it stood, without the use of a footstool. She relied on these assurances of the brakeman, that he would assist her to enter the car safely, and made an effort to board it. The brakeman did assist her in her effort by taking hold of one of her arms, but in no other manner did he lend her any assistance, nor did she receive any other assistance. Appellee, at the time she took the step and made the effort to get aboard the car, did not, under the circumstances, believe that the step was dangerous, nor that she was liable to injure herself if she made the step. In making this step she was injured by displacing her right ovary, rupturing and tearing the broad ligaments and the organs in the pelvic and right inguinal regions of her body. She also strained the fallopian tube, and displaced the uterus. These injuries were caused by the compression of the pelvic contents, produced by the effort required on her part to board the car, and on account thereof she became sick with acute traumatic pelvic peritonitis. Prior to her sustaining these injuries, she was in reasonably good health and sound in body. After being so injured, she traveled by rail from Ullin to her home in Greencastle, Indiana, a distance of about 200 miles, at which place she arrived on the next morning, January 14, between three

and four o'clock. On arriving at the station at Greencastle, she was suffering with pain and sickness but, notwithstanding this, she walked half a mile to her home in that city over a broken path through the snow. Appellee incurred as expenses on account of the employment of nurses, and for medical treatment, $660, and the jury find that she has sustained damages to the amount of $14,000, which sum, in the event she is entitled to a recovery upon the facts found, they assess as her damages. The jury also find or state that the plaintiff (appellee), in stepping upon the car at the time she was injured, exercised such care as a person of ordinary prudence and caution would do under like circumstances. This latter finding may be said to be but an inference drawn by the jury to the effect that the plaintiff, under the circumstances at the time of the accident, was not guilty of contributory negligence. In this summary of the facts we have eliminated such of the findings embraced in the verdict as may be said to be open to the objection that they state conclusions rather than facts.

It is insisted by appellant's counsel that the facts found by the jury in the special verdict disclose contributory negligence upon the part of the appellee; hence bar a recovery. The facts stated in the special verdict, we think, may be said fairly and substantially to accord with those averred in the second paragraph of the complaint. They certainly show a breach of duty on appellant's part by stopping the car at a point where, by reason of the distance intervening between the ground and the car step, it was rendered not suitable or safe for the entry of passengers thereon, especially ladies, and inviting appellee, through its servant the brakeman, to board the car without providing her with some suitable and safe means to serve her for that purpose.

In the light of the authorities cited upon the question of the sufficiency of the complaint, it surely cannot be successfully controverted but what the facts returned by the jury, when considered with the legitimate inferences which may

be drawn therefrom, establish against appellant the charge of actionable negligence, and justify the conclusion that there was an absence of contributory negligence on the part of the appellee. We need not repeat what we have heretofore said in regard to the question of her negligence in our discussion of the facts averred in the complaint. It may be said, we think, that the facts found by the jury show that she exercised ordinary care. In *Louisville, etc., R. Co. v. Schmidt*, 147 Ind. 638, it is said: "The law interprets ordinary care to be of that degree which a person of ordinary prudence, under the particular circumstances is presumed to exercise to avoid injury. Such care is required to be in proportion to the danger to be avoided and the fatal consequences that may result from the neglect."

Upon another view of the case, it is sufficient to say that the facts disclosed by the verdict, relative to the feature of contributory negligence on appellee's part, are, at least, such as would warrant reasonable men in drawing two inferences therefrom, one of which would be that she was not guilty of contributory negligence at the time the accident occurred. Such an inference, we have seen, was drawn by the jury in their verdict. In such cases as this, where two inferences, under the facts, may be said to arise, the jury, having drawn one, in regard to the ultimate fact of contributory negligence, in favor of the complaining party, such inference will be accepted by the court as conclusive. *Smith* v. *Wabash R. Co.*, 141 Ind. 92; *Cleveland, etc., R. Co.* v. *Moneyhun*, 146 Ind. 147, 34 L. R. A. 141, and cases there cited. Therefore, under the circumstances, if we were inclined to draw from the facts an inference unfavorable to appellee upon the question of her negligence, we would, nevertheless, abide by the rule stated and accept the one drawn by the jury to the effect that there was freedom from such negligence upon her part, as controlling. Without further extending this opinion upon the questions arising

on the special verdict, we hold that it was sufficient to entitle appellee to the recovery of a judgment.

Appellant, under its motion for a new trial, challenged the damages assessed as excessive. It is insisted that the special verdict does not find that the injuries which appellee sustained are permanent, and, therefore, it is insisted that the damages must be held to be excessive. But appellant in the lower court raised this question only by assignment, as one of the grounds in its motion for a new trial,—that the damages were excessive; hence, under the circumstances, in support of this assignment, the court must look alone to the evidence and not to the facts disclosed in the special verdict. We regard the judgment a large one, and it certainly was the duty of the trial judge to closely scrutinize and review the evidence and circumstances in the case to discover whether the jury was too liberal in their award of damages, and, if he found such to be the fact, promptly to grant a new trial or require a remititur. The trial judge, by overruling the motion for a new trial, in effect approved the assessment of damages, and we are not able to say that he violated his duty. No precise rule can be laid down for the award of compensation in cases of this kind, where the injury sustained is permanent, and will entail constant suffering upon the injured party. The mere fact that the damages may appear to this court on appeal to be excessive will not alone justify it in disturbing the judgment, unless the assessment is so large as to induce the belief that the jury was actuated by prejudice, partiality, or corruption. *Evansville, etc., R. Co. v. Talbot,* 131 Ind. 221; *Louisville, etc., R. Co. v. Miller,* 141 Ind. 533.

There is evidence in the case to show that appellee, at the time of the accident, was thirty-five years of age, and in good health. By reason of her injuries her health has been greatly impaired, and she has been subjected to intense suffering and was sick for a long period of time. Her injuries, as the evidence discloses, are apparently per-

manent, and will subject her to constant pain in the future. In describing the extent of her suffering in her evidence before the jury, she said: "I never suffered so in my life, at that period, or at any other up to this time. It seemed that everything in my body, every organ, would leave my system. It was intense pain and a bearing down feeling." There is evidence also going to show that appellee cannot be cured of her injuries, except possibly by the performance of a surgical operation by which the injured organs, etc., may be removed, but such an operation, as the evidence tends to show, would be quite critical, and might imperil her life. We cannot adjudge upon the evidence in the case that the judgment ought to be disturbed upon the ground of excessive damages. We have examined and read the evidence, and find that it is sufficient in other respects to sustain the material findings of the jury in the special verdict, and, under a well settled rule of appellate procedure, we cannot weigh it and determine upon which side lies the preponderance, as that duty rested upon the jury, subject to review alone by the trial court.

The alleged misconduct of the jury, which appellant seeks to present for review in this appeal, cannot be considered, for the reason that the affidavits filed upon the trial of that issue have not been brought into the record by a bill of exceptions. *Forsyth* v. *Wilcox*, 143 Ind. 144; *Naanes* v. *State*, 143 Ind. 299.

Appellant also complains of the exclusion of certain evidence, but this question is not properly before us, for the reason that the record does not disclose that any statement was made as to what appellant proposed to prove by the witnesses in question. The rule is well settled that to render the action of the trial court in excluding evidence available, the record, on appeal to this court, must clearly show that the witness was asked a pertinent question, and, upon objections being interposed, a statement was made by the party offering the evidence showing what was pro-

posed to be proved by the witness in answer to the question. *Shepard* v. *Goben*, 142 Ind. 318, and cases there cited.

Other alleged errors of the trial court are discussed by counsel for appellant, but we recognize in these, under the circumstances, no available error, and while we have given these questions due consideration, we do not deem it necessary or profitable to extend this opinion further by setting them out in detail. We have fully considered all of the questions presented by the learned counsel for appellant, but are unable to agree with them that there is any available error disclosed by the record, and the judgment is therefore affirmed.