PROVOSTY, J.
Plaintiff, a citizen and resident of Sparta, Greece, brings this suit in damages for the death of his son, 21 years old, who was scalded to death by the explosion of one of the tubes in one of the boilers at the power plant alleged to be conducted by the defendants jointly. The defendants are the New Orleans & Carrollton *312 Railroad, Light & Power 'Company and the New Orleans Railways Company, the latter company in the hands of receivers. The jmung Greek was a coal heaver, and was in the act of shoveling coal into a pile, when the tube exploded and the steam and hot water came out of the Are door of the boiler and scalded him.
Four preliminary questions have to be disposed of.
- First, as to defendant’s exception to the petition on the ground of vagueness. In the original petition, the negligence complained of was not described. The petition simply alleged the employment of plaintiff’s son, and the explosion of the boiler, and that the explosion “was due to. the negligence” of the defendants, and resulted in the death of the young man without any contributory negligence on his part. Defendant excepted to the vagueness of this allegation, and the exception was sustained, and plaintiff was ordered to amend — •
“by alleging the facts constituting the negligence of the defendant, which brought on the boiler explosion, etc. — whether it resulted from inherent defects of the boiler, or its construction, or from negligent operation of same, etc.”
Plaintiff amended by alleging that the explosion—
“was caused by defendant’s negligence, want of skill and attention; that defendant failed to care for said boiler, and by their negligence and want of skill and attention the boiler was weakened and unable to carry the steam pressure to which the defendant negligently subjected it.”
To this amendment defendant excepted on the same ground of vagueness, in that the petition—
“does not specify the particulars out of which arose the negligence, want of skill, and want of care and attention charged against defendant.”
The learned judge a quo ruled as follows:
“I have some doubts, but, considering that the defendants were in charge of the boiler, and have knowledge as to its conditions, and how it was being, operated, I think that no injustice can be done by overruling the exceptions.”
We think this ruling was correct. In effect, the allegation is that the explosion is not to be attributed to any inherent defect in the boiler, but that it resulted from defendant’s want of care and skill in its operation. This was a statement of the ultimate facts. Ordinarily, where only the ultimate facts are alleged, and particulars are called for, the court should require the pleader to give the particulars intended to be relied upon; but cases readily suggest themselves which ought to be an exception to that rule, and the present case would seem to be one of them, for the reason assigned by the learned trial judge, namely, that the manner of the operation of this boiler was peculiarly within the knowledge of the defendants. In cases where the plaintiff cannot be expected to have any information as to the causes of the accident, whereas the defendant, on the contrary, must be assumed to be fully informed on the subject, and where the accident is of the kind which ordinarily do not occur when due care has been exercised, the rule of evidence is that the accident speaks for itself — res ipsa loquitur — that is to say, that a presumption of negligence arises from the fact itself of the accident.. In such eases, the plaintiff not only need not allege the particular acts of omission or commission from which the accident has resulted, but need not even prove them. The accident itself makes out a prima facie case, and the burden is on defendant to show absence of negligence. Res ipsa loquitur. That rule is of peculiar applicability in cases of boiler explosions. Thus, negligence may be inferred from the fact of the explosion of the boiler of the vessel, although the defendant is under no contract obligation to protect the plaintiff. Rose v. Stephens & C. Transp. Co., 20 Blatchf. 411, 11 Fed. 438. In that case, Wallace, J, said:
“Undoubtedly, the. presumption has been more frequently applied in cases against carriers of *314 passengers than in any other cases of negligence; but there is no foundation in authority or reason for any such limitation of the rule of evidence. The presumption originates from the nature of the act, not from the nature of the relations between the parties. It is indulged as a legitimate inference whenever the occurrence is such as in the ordinary course of things does not take place when proper care is exercised, and is one for which the defendant is responsible.”
So, in Posey v. Scoville (C. C.) 10 Fed. 140, the employer was held liable where the person injured by the explosion was clerk of the boat. So, also, where a casual visitor in a mill was killed by the explosion of a boiler. See, also, Young v. Bransford, 12 Lea (Tenn.) 232. And where the explosion of a boiler of a railway locomotive injured a bystander on the company’s station platform, the court held that it was prima facie evidence of negligence. Illinois Central R. R. Co. v. Phillips, 49 Ill. 234, approved on appeal, 55 Ill. 194. See, also, McMahon v. Davidson, 12 Minn. 357 (Gil. 232), where the plaintiff was injured by the explosion of a boiler of a steamboat upon which he was a deck hand.
“In a count for negligence, the particulars in which such negligence consisted are not required in pleading, where the facts constituting them lie more properly in the knowledge of the adverse party—Eldridge v. Long Island R. Co., 3 N. Y. Super. Ct. (1 Sandf.) 89.
“In an action for injuries caused by an explosion of gas in a public street, the complaint alleged the incorporation of the defendants as a gas company, that the other defendant was the owner of certain premises, and that plaintiff was injured ‘by being hit by_ some object thrown .from the premises at said place by an explosion of gas thereon, which explosion, as the plaintiff is informed and believes, was caused by the negligence of the defendants,’ etc. Held, that a motion to make the complaint more definite and certain, by setting forth the act or neglect claimed to have caused the explosion, was properly denied.—Jackman v. Lord, 56 Hun, 192, 9 N. Y. Supp. 200.”
Am. Dig. (Century Ed.) vol. 37, p. 543.
In Bunnell v. Berlin Iron Bridge, 66 Conn. 24, 35, 33 Atl. 533-535, the court said:
“Nor is there any ground for defendant’s claim that, because the particular acts of the defendant’s workman which constituted the ‘careless and negligent manner’ in which they performed the work mentioned were not specified in the complaint, the allegation of negligence must be held to be merely a conclusion of law.”
The rule undoubtedly is that the particular facts constituting the alleged negligence must be stated, especially when called for; but, we repeat, there are exceptions to that rule, and the present ease is one of them.
Moreover, the majority of the court are of the opinion that the defendant waived the exception by not renewing it, or pleading surprise, when evidence was offered for proving the negligence relied upon by plaintiff. The writer does not concur in that view. 1-Ie thinks that the exception to the sufficiency of the petition, if good when made, should be good now, since it has never been expressly waived.
The second of the preliminary questions is whether a foreigner may maintain a suit in this state for the death of a human being caused by negligence. Article 2315 of the Code, which grants a right of action in such a ease, makes no distinction between foreigners and citizens; and the decided preponderance of authority is in favor of not making any. Thompson v. Chicago, M. & St. P. Ry. Co. (C. C.) 104 Fed. 845; Baltimore & O. R. R. Co. v. Baldwin, 144 Fed. 53, 75 C. C. A. 211; Vetaloro v. Perkins (C. C.) 101 Fed. 393; Hirschkovitz v. Pennsylvania R. Co. (C. C.) 138 Fed. 438; Bonthron v. Phœnix Light & Fuel Co., 8 Ariz. 129, 71 Pac. 941, 61 L. R. A. 563; Szymanski v. Blumenthal, 3 Pennewill (Del.) 558, 52 Atl. 347; Kellyville Coal Co. v. Petraytis, 195 Ill. 215, 63 N. E. 94, 88 Am. St. Rep. 191; Atchison, T. & S. F. Ry. Co. v. Fajardo, 74 Kan. 314, 86 Pac. 301, 6 L. R. A. (N. S.) 681; Mulhall v. Fallon, 176 Mass. 266, 57 N. E. 386, 54 L. R. A. 934, 79 Am. St. Rep. 309; Renlund v. Commodore Min. Co., 89 Minn. 41, 93 N. W. 1057, 99 Am. St. Rep. 534; Pittsburg, C., C. & St. L. Ry. Co. v. Naylor, 73 Ohio St. 115, 76 *316 N. E. 505, 3 L. R. A. (N. S.) 473, 112 Am. St. Rep. 701; Rietveld v. Wabash R. Co., 129 Iowa, 249, 105 N. W. 515; Trotta’s Adm’r v. Johnson, Briggs & Pitts, 121 Ky. 827, 90 S. W. 540, 28 Ky. Law Rep. 851; United States Electric Lighting Co. v. Sullivan, 22 App. D. C. 115; Cleveland, C., C. & St. L. Ry. Co. v. Osgood, 30 Ind. App. 34, 73 N. E. 285; Romano v. Capital City Brick & Pipe Co., 125 Iowa, 591, 101 N. W. 437, 68 L. R. A. 132, 106 Am. St. Rep. 323; Tanas v. Municipal Gas Co. of City of Albany, 88 App. Div. 251, 84 N. Y. Supp. 1053; Rahe v. Cuyahoga County Com’rs, 26 Ohio Cir. Ct. R. 489; Low Moor Iron Co. v. La Beanca’s Adm’r, 106 Va. 83, 55 S. E. 532; Patek v. American Smelting & Refg. Co., 154 Fed. 190, 83 C. C. A. 284; Ferrera v. Auric Mining Co., 43 Colo. 496, 95 Pac. 952, 17 L. R. A. (N. S.) 964; Kaneko v. Atchison, T. & S. F. Ry. Co. et al. (C. C.) 164 Fed. 263. Contra: Deni v. Penn. R. R. Co., 181 Pa. 525, 37 Atl. 558, 59 Am. St. Rep. 676; Brannigan v. Union Mining Co. (C. C.) 93 Fed. 164; McMillan v. Spider Sawmill Co., 115 Wis. 332, 91 N. W. 979, 60 L. R. A. 589, 95 Am. St. Rep. 947.
The third of the preliminary questions is as to whether both of the defendant corporations were operating the power plant in question, or only one of them; and, if the latter, which one.
Without going into details, we will say that there is no doubt from the evidence that the plant was being operated by the New Orleans & Carrollton Railroad, Light & Power Company.
The fourth and last preliminary question arises from the fact that some time before the trial the plaintiff sought to have the testimony of some of his witnesses taken out of court before a notary public, under sections 614 to 621, Revised Statutes, without any commission from the court to the notary or written interrogatories. There can be no question but that the provisions of the Revised Statutes in question authorize this to be done; but defendants contend that those provisions are in conflict with article 430 of the Code of Practice, and that when there is such conflict the Code of Practice must prevail. We find no necessary conflict between the said legal provisions. Both modes of taking the testimony of witnesses out of court are open to litigants.
The foregoing questions have given this court no trouble whatever, but the case on its merits has; and hence the long delay in deciding the case.
Negligence is charged against the defendant company in four respects: First, in using bad water in the boiler; second, in failing to inspect the boiler; third, in failing to clean the boiler; and, fourth, in screwing down the safety valve, so that the steam could not blow off.
The first of these charges is entirely unfounded, and the second has been disproved. But on the third and fourth the testimony is so flatly contradictory and hopelessly conflicting that after several long, laborious, and most painstaking attempts at arriving at some satisfactory conclusion upon it, we have to recognize that the task is impossible; at least, to us. The witnesses are positive on both sides, and have testified as of their personal observation, and on matters relative to which they were entirely competent to testify. The greater number is on the side of plaintiff; but those of defendant are men of better education and higher rank in the field of employment. The latter, however, are employfis of the defendant company, and this to some extent must be taken into consideration in weighing the evidence'. There were three similar explosions at the same plant within the year. Under circumstances like these, the rule of this court has been to affirm the judgment.
The judgment is small, $5,000; but, under the circumstances of the case, we are not disposed to increase it. The case was not *318 tried by a jury, but by the judge, whose written reasons for judgment are in the record. We cannot say that the learned and experienced trial judge’s appreciation of the weight of the evidence has been wrong.
Judgment affirmed.