The judgment appealed from is not erroneous. It is hereby affirmed.

---

(52 South. 681.)

No. 18,107.

REEMS v. NEW ORLEANS G. N. R. CO.

(June 6, 1910.)

*(Syllabus by the Court.)*

1. CARRIERS (§ 316*)—INJURY TO PASSENGER—NEGLIGENCE—REBUTTAL.

Where a passenger was injured without his fault by the derailment of a railroad train, the defendant must show, to rebut the presumption of negligence, that the accident resulted from circumstances against which human care and foresight could not guard. In the absence of evidence showing the particular cause of the derailment of a railroad train, the court is unable to say that it was the result of an accident which could not have been foreseen or prevented by the railroad company.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1288; Dec. Dig. § 316.*]

2. NEW TRIAL (§ 162*)—AMOUNT OF RECOVERY—EXCESSIVENESS—REMISSION OF EXCESS.

Where an award of damages is excessive in the opinion of the trial judge, he should compel a remittitur or grant a new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 324–329; Dec. Dig. § 162.*]

*(Additional Syllabus by Editorial Staff.)*

3. DAMAGES (§ 132*) — EXCESSIVENESS — PERSONAL INJURIES.

Plaintiff, injured on a train, did not know that he was hurt until after he reached his home. He had fever, and called in a physician, who found that the ligament connecting the coccyx with the sacrum had been ruptured, and tried palliative treatment for about a month; but, plaintiff growing no better, the coccyx was removed, and plaintiff was ill altogether about two months, suffering considerable pain and inconvenience and incurring an actual expense of $750 for medical attention, nursing, and medicines, no other pecuniary loss being shown. *Held,* that a recovery of $4,500 was excessive and should be reduced to $2,500.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 372; Dec. Dig. § 132.*]

Appeal from Civil District Court, Parish of Orleans; Walter B. Sommerville, Judge.

Action by Philip F. Reems against the New Orleans Great Northern Railroad Company. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Farrar, Jonas, Goldsborough & Goldberg, for appellant. Buck, Walshe & Buck, for appellee.

LAND, J. This is a suit for damages for personal injuries sustained by the plaintiff while a passenger on one of defendant's trains.

Defendant appeals from a verdict and judgment in favor of the plaintiff in the sum of $4,500, with interest and costs.

That the plaintiff, a passenger, was injured by the derailment of defendant's train, is clearly shown by the evidence.

The real defense is that the accident happened without the fault or negligence of the defendant.

The evidence shows that, while the train was running at the rate of 30 miles per hour, the truck of the tender left the rails. The tender and the first coach were wrecked, and the track at the place of the accident was torn and damaged.

The burden of proof is on the carrier to show why the contract of safe carriage was not fulfilled. Spurlock v. Traction Co., 118 La. 4, 42 South. 575; Le Blanc v. Sweet, 107 La. Ann. 355, 31 South. 766, 90 Am. St. Rep. 303.

In Patton v. Pickles, 50 La. Ann. 865, 24 South. 290, this court affirmed the doctrine

that, in a case like this, the defendant is bound to show that the inexecution of the contract resulted from accidental and uncontrollable events. Civ. Code, § 2754. Thompson on Carriers of Passengers, p. 210, expresses the common-law rule as follows:

"In other words he must show, in order to rebut the presumption, that the accident resulted from circumstances against which human care and foresight could not guard."

The evidence adduced by the defendant fails to show the cause of the accident, and, in the absence of such explanation, the court is unable to say that the accident resulted from circumstances against which human care and foresight could not guard. Trucks do not leave the rails without some physical cause, such as defects in the trucks, or in the track, or some fault in the operation of the train.

A number of other passengers were injured in the same wreck, and one of them testified, without objection, that defendant had settled with him for his injuries, and had attempted to make a like settlement with the plaintiff.

The remaining question is as to the quantum of damages, which the defendant contends is manifestly excessive. The trial judge concurred in this view, and should have granted a new trial or compelled the plaintiff to enter a remittitur of the excess. After a careful review of the evidence, we agree with our learned Brother that the award is excessive, considering the nature of the injury and its consequences.

Plaintiff did not know that he was hurt until after he reached his home. He had fever, and called in a physician, who on examination found that the ligament connecting the coccyx with the sacrum had been ruptured. The physician tried palliative treatment for about a month; but, the patient growing no better, the coccyx was removed by a surgical operation. Plaintiff was ill altogether about two months, and doubt-

126 La.—17

less suffered considerable pain and inconvenience.

The plaintiff incurred an actual expense of $750 for medical attention, nursing, medicines, etc. No other pecuniary loss is shown. There remains $3,750 for the injury, with its attendant pain and suffering. This amount is out of proportion in comparison with the usual awards for the loss of an arm, or leg, or other severe bodily injury, which in this jurisdiction seldom exceeds $6,000 or $7,000.

We think that a verdict for $2,500, inclusive of the expenses, would have been amply remunerative in a case of this kind.

It is therefore ordered that the verdict and judgment appealed from be amended by reducing the amount thereof from $4,500 to $2,500, and that as thus amended said verdict and judgment be affirmed; plaintiff and appellee to pay costs of appeal.