No. ——

First Circuit Appeal

---

FANNIE COLBERT BARABIN. v. TECHE TRANSFER COMPANY, INC.

---

(December 30, 1924, Opinion and Decree.)
(February 18, 1925, Rehearing Refused)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest, Evidence—Par. 53.**
In a damage suit for death alleged to have been caused by the negligence of another the general rules of pleading and evidence that plaintiff must bear the burden of pleading the facts constituting the alleged fault or negligence of the defendant and giving proof necessary to sustain the demand apply.

2. **Louisiana Digest, Evidence—Par. 53.**
Where the evidence of an alleged collision of truck and bus supposed to have caused a death shows no damage to either auto; held the plaintiff has not proved negligence of bus driver causing death to her husband who was riding in the truck and fell or jumped out.

3. **Louisiana Digest, Evidence, 53.**
No recovery under Art. 2324 of the Civil Code can be had where there is no allegation or proof that another person was caused to do an unlawful act or assisted or encouraged in the commission of it.
(Civil Code, Art. 2315. Editor's note.)

Appeal from the Parish of Iberia. Hon. James Simon, Judge.

This is a damage suit brought by a widow for herself and minor child on account of the death of her husband.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Porteous R. Burke, of New Iberia, attorney for plaintiff, appellant.

Burke & Smith, of New Iberia, attorneys for defendant appellee.

MOUTON, J. Plaintiff alleges that her husband, Roman Barabin, while riding in a truck belonging to his employer, was killed on the public highway in the Parish of St. Mary in a collision which occurred with a motor Bus Transfer operated at the time by defendant company. She alleges that Albert Green, the driver of the Bus at the time, and the agent of defendant company, carelessly, negligently, willfully and flagrantly, in violation of the law of the road, ran into the truck on which her husband was riding with the result that he was by the impact thrown to the ground, or that to save himself from the impending impact, as a reasonable, prudent man would do, jumped from the truck to avoid the threatened danger, from which he suffered a fracture of the second or third cervical vertebra, causing his death.

Plaintiff sues for herself, and as the tutrix of a minor child issue of her marriage with Roman Barabin, claiming individually $7500.00; and a like amount for the minor, against defendant.

The demand was rejected by the District Judge. Plaintiff appeals.

Plaintiff first urges the doctrine of *res ipsa loquitur*—that is to say, that a presumption of negligence arises from the fact itself of the accident, and relies in support of this contention on the case of Lykiardopoulo vs. New Orleans Light and Power Co., 127 La. 309, 53 South. 575. In the case cited a young Greek, a coal heaver, was in the act of shoveling coal into a pile, when the tube exploded and the steam and hot water came out of the fire door of the boiler, scalding him. In that case the Court said plaintiff could not be expected to have any information of the cause of such an accident, and that it had to assume defendant was in a position to know what had brought about the injury. Here, the occupants of the car, obviously, were the parties who were in a position to know the cause of the collision, and the information of the incidents which accompanied the accident was equally obtainable to plaintiff and defendant. A case of this character falls under the general rules of pleadings and proof governing ordinary damage suits. In such cases the burden of pleading the facts constituting the alleged fault or negligence, and the proof necessary to sustain the demand, rests upon the complainant, and the rule above referred to, invoked by defendant, does not apply.

The proof shows that Alfred Moresi was driving a Ford Truck and Albert Green was driving a Motor Bus for defendant on the public road in the Parish of St. Mary. The record shows that while driving on the highway. and before. reaching the place where the accident occurred, Moresi and Albert Green, a colored man, had had a quarrel altercation, in which Mr. Moresi attempted to beat Green, who made his escape. Moresi continued on his way in the truck, followed by Green in the Bus, both traveling northward towards Jeane-

rette, Green was alone in the Bus, but there were four men in the truck, besides Mr. Moresi who was driving. Mr. Hydel, a white man, sat on the front seat to the right of Mr. Moresi, while Barabin, the deceased, sat in the rear of the truck, between Alexis and Mansen, two colored men. They were riding in an old Ford Car which had been converted into a truck and had no top. Alexis, Barabin and Mansen were seated on a box which had been nailed in the rear of the truck. The proof shows that Alexis was facing northward the direction the Truck was moving and the other two southward from which direction the Bus was coming. It is well established that the Truck and Bus were moving at a rapid speed, about 25 or 30 miles an hour. The proof shows that when this Truck and Bus reached that part of the road about opposite the home of one, Mr. Dumesnil, that Barabin fell from the truck into the highway, receiving injuries from which he died shortly thereafter. It is claimed by plaintiff, as is alleged in her petition, that Green who was driving the Bus ran into the truck negligently, by the impact throwing Barabin to the ground, or forcing him to jump out of the truck to save himself from the impending impact. Mr. Moresi says the bus struck the hub cap of the rear wheel of his truck, causing it to change its course, and to swerve from the right side of the road to the left side; that he immediately looked around and noticed that Barabin was missing from the car. He says, he examined the truck the evening of the accident, and the next morning. He found a dent in the rear wheel of the car where the hub cap seemed to have been polished from an automobile tire rubbing on it. It is doubtful, from the evidence of the other witnesses, if such a dent existed, and if it did, that it was of recent date. At most, this dent was slight. This was the only injury on the truck which could

have been ascribed to the pretended collision. Hydel, who was seated on the front seat and facing north, did not see the Bus hit the truck, nor did Alexis, who was also facing in the same direction. As Mansen appears to be idiotic he was not sworn, and did not testify. Hydel and Alexis, both say, they felt a jolt, heard Mansen holler that the boy had fallen overboard, that they turned around and saw the Bus coming in the rear, and which at the time was about 4 or 5 feet from the truck. Neither of these two witnesses say that the jolt or jar they felt was severe. Mr. Dumesnil testified in the case and says the accident occurred opposite his home which it is shown is situated not far from the roadside. He was sitting, he says, on his front gallery, heard one holler a man was killed, and saw a man knocked in the air. He says this man, which the record shows was Barabin, had gone up in the air 3 or 4 feet above the truck and higher than the Bus. There is nothing to show that Mr. Dumesneil has any interest whatsoever in the result of this litigation or that he is connected by ties of friendship or kinship to any members of defendant company. He was in a position at the time to see what occurred, and we have no reason to doubt that he has given a true narrative of the occurrence. Admitting for the sake of the argument, that the parties in the truck felt a jolt, that the car was deflected from its course, and that a slight imprint was seen on the hub-cap, still, with all of this, it would be impossible to believe that a collision from the rear producing such results, could have had the effect of throwing Barabin several feet above the truck and higher than the Bus. This is altogether incredible. Plaintiff alleges also that if her deceased husband was not thrown from the truck by the force of the impact, that to save himself from the impending danger, he jumped out of the truck. If he had jumped it is equally unbelievable that he would have leaped above the truck and Bus. There is no evidence direct or inferential to support either of these theories. It may also be observed that not one of the other occupants of the truck was thrown therefrom, or came near suffering any such result. If a collision had occurred with sufficient force to throw Barabin up in the air in the manner stated by Mr. Dumesneil, unqestionably, the others who were in that truck, and were not in any way expecting a collision, would have also been hurled out of that truck, one or two, if not all three. The proof is that Mr. Moresi had, a while before the pretended collision occurred, attempted to beat Albert Green, driver of the Bus, who managed to make his escape from him. He was no doubt afraid of Moresi, and so testified during the trial. This proof negatives the idea that immediately after he had escaped a thrashing, that he would have deliberately run into the truck from the rear. If he attempted to pass Moresi on the left, it was because the truck was barring his way. If he proceeded at an unusual speed in passing on the right, he was simply making effort to get away from his would-be assailant. He succeeded in passing ahead of the truck, and there is no evidence to support the contention that in so doing, or before, that he collided with it, or drove the Bus in such a way as to threaten Barabin or the other occupants of the truck with immediate or impending danger. The accident was due to some other cause, and not the result of the act, fault or conduct of Green, the agent of defendant company. Green, was in no sense a tort feasor and in no way assisted or encouraged Moresi in the commission of an act which could have caused the accident, to justify a recovery for plaintiff under article C. C. 2324 if judgment could be rendered under the provisions of that article in a case of this character where no

·such issue presented by the pleadings or considered.

Judgment affirmed.