RIZZO v. NEW ORLEANS RAILWAY AND LIGHT CO.

(February 20, 1928. Opinion and Decree.)
(April 8, 1928. Writ refused by Supreme Court.)

(Syllabus by the Court)

1. **Louisiana Digest—Carriers of Passengers and Goods—Par. 42; Evidence—Par. 48.**

When it is proven that a passenger was injured, by an instrumentality of the carrier, the presumption arises that the injury was due to the carrier's negligence.

2. **Louisiana Digest—Carriers of Passengers and Goods—Par. 42; Street and Interurban Railroads—Par. 34.**

A passenger whose arm is broken while seated in a street railway car, operated by defendant, the injury being due to a passing car, also operated by defendant, is under no obligation to prove the negligence of defendant, in order to recover damages due to her injury. The defendant in such case is presumed to be negligent, and must affirmatively establish the contributory negligence of the passenger.

Appeal from the Civil District Court, Division "E". Hon. Wm. H. Byrnes, Judge.

Action by Miss Eva Rizzo against New Orleans Railway and Light Co.

There was judgment for the defendant and the plaintiff appealed.

Judgment reversed.

Theo. Cotonio, of New Orleans, attorney for plaintiff, appellant.

Benjamin W. Kernan, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. This is a suit for damages against the local street railway arising out of an injury to a passenger.

At the time of the accident plaintiff was seated in an Esplanade Belt car with her arm on the window sill. A car, moving in the opposite direction, and operated by the defendant company, passed the car in which defendant was seated on the side nearest to her. As this car passed she was heard to scream and discovered to be painfully injured, her arm was fractured. To adopt her own language: "I hollered and I said 'Mama, I am hurt.' She said, 'What struck you?' I said, 'I don't know.' I couldn't see at night (the accident happened at 10 p. m.). I grabbed my elbow, and I seen the bone was out of the meat, and (I) was crying and hollering that I was hurt, and the motorman and conductor told me to go to the Charity Hospital to get treated, that it was the best place for me to go."

One of defendant's witness, Henry Hayes, gives this description: "Well, when the both cars passed, it went 'pie'. She hollered, 'I am shot,' and everybody looked towards her." The witness evidently meant by the use of the word "pie" that there was a sharp loud noise.

The clearance between the two cars at the point of the accident is but a few inches and it is manifest that plaintiff was injured by the passing car. Indeed both sides are agreed on that point, but, beyond this, neither party has proven the cause of the accident. Both counsel have indulged in conjecture. Plaintiff's counsel suggests that there might have been a loose bar of iron attached to a screen with which the car was equipped which struck plaintiff as it passed, and also

that the swaying motion of the cars in such close proximity may have caused some portion of the car to strike plaintiff, the defendant's witness to whose testimony we have alluded says there was a loud noise or as he puts it "it went pie".

Opposing counsel suggests that plaintiff must have negligently stuck her arm out of the car and been hit by the passing car. The conductor testifies that she admitted to him, after the accident, that she did so, but this statement is contradicted by plaintiff, and she is corroborated by two other witnesses. Besides, it would have been very difficult, if not impossible, for plaintiff to get her arm out of the car in the position she was in. The car, both cars in fact, were equipped with screens, designed to prevent accidents of this kind. The screens were placed about two inches above the sill, and were eleven inches wide. It is not claimed that plaintiff put her arm through the screen but over or under it. Assuming that she could get her arm under the screen between it and the sill, a rather violent assumption, she could not do so in a sitting capacity, because of the angle of her arm with reference to the opening. She must therefore lie down on the seat to obtain the proper angle. This she would hardly do and could not do with her mother seated beside her as is testified to here. To be seated and extend her elbow over the screen, assuming that could be done, would cause her much discomfort if not pain and is altogether too improbable to believe.

Nevertheless, she was injured, and by the passing car. Defendant's counsel insists that since there is no proof that defendant was negligent and testimony by defendant's employees that nothing unusual occurred in the operation of the cars, that there can be no recovery. We might agree with him were it not for the fact that plaintiff was a passenger. The rule, with respect to a passenger, differs from that applicable to third persons because of the contractual relation. The carrier undertakes to transport the passenger in safety to his destination, to the extent that the exercise of the highest degree of practicable care will insure such safety. The instrumentalities of transportation are wholly in its control, and when, as in this case, a passenger is injured by one of those instrumentalities in the hands of its servants and operatives, the presumption. is that it was negligent and the negation of fault by its employees will not exculpate it. Under such circumstances it is for the defendant to show "what negligence and whose prevented the fulfillment of the contractual obligation".

"It is sufficient for a passenger suing on a contract for safe passage to show that he was not set down safely at his destination to throw the burden of explanation on the carrier to prove what negligence and whose prevented the fulfillment of the contractual obligation."

"The burden is on the carrier to establish affirmatively the contributory negligence of the passenger."

Hopkins vs. N. O. Ry. and Light Co., 150 La. 62, 90 South. 412.

Poncet vs. So. New Orleans Light and Traction Co., 3rd La. App. 64; also 150 La. 61, 90 South. 512.

Spurlock vs. Shreveport Traction Co., 118 La. 1, 42 South. 575; McGinn vs. New Orleans Ry., 118 La. 811, 43 South. 450.

Hunt vs. Morris, 6 M. (O. S.) 681.

LeBlanc vs. Sweet, 107 La. 355, 31 South. 766.

State vs. Carro, 27 Ann. 377.

Peniston vs. C. St. L. & N. O. Ry. Co., 34 Ann. 777.

Reeves vs. New Orleans G. N. R. Co., 126 La. 513, 52 South. 681.

Casper vs. New Orleans, 121 La. 603, 46 South. 666.

139 U. S. 151; 147 N. S. 571; R. C. C. 2754.

Plaintiff was employed as a bag printer by the Bemiss Bag Co. She lost three months wages and suffered a great deal, according to her testimony, but the medical testimony concerning her injury is unsatisfactory. However, her arm appears to have been broken. We will allow eight hundred dollars.

For the reasons assigned the judgment appealed from is reversed and it is now ordered that there be judgment in favor of plaintiff, Eva Rizzo, and against the defendant, New Orleans Railway and Light Co., in the sum of $800.00 with legal interest thereon from September 27th, 1916, and all costs.

JONES, J. Dissenting.

In her original petition plaintiff did not aver that another car was passing her car at the time of the injury, but under order of court, she makes, upon information and belief, the conditional charge that a passing outbound car might have caused the injury. Although this tardiness shows clearly that the inclusion of the second car as the possible cause of the accident was only an after-thought, the carrier completely rebutted this additional charge.

The motormen and conductors of both cars swear positively that their cars were equipped with screens ten inches high covering the lower part of the windows and with bars above the screens, that the cars were running slowly, that there was no bumping or jarring, no scraping, no broken parts; that the track was in good order, that a thorough examination of each car shortly after the accident disclosed no sign of any scratching or breaking of screen bar or side.

The fact that plaintiff says she was hurt while another car was passing does not prove that the other car caused the injury.

Mere coincidence in time does not prove causality.

The testimony of the operators of the two cars as to safe and careful handling is confirmed by several passengers and there is no proof that any instrumentality operated or controlled by defendant was even a remote causal factor.

The testimony of plaintiff and her witnesses as to the circumstances is vague and indefinite. In fact plaintiff first states positively twice that she was sitting with her back to the motorman, which would have put her injured arm toward the center of the car and in this statement she is confirmed by one of defendant's witnesses who was sitting just behind her.

To support the conclusion that the carrier must prove the actual cause of the injury, the majority opinion cites two leading cases:

Hopkins vs. N. O. Railway & Light Co., 150 La. 61, 90 So. 512.

LeBlanc vs. Sweet, 107 La. 355, 31 So. 766.

In both of these cases, the specific charges of negligence, made by plaintiffs, were denied by defendant and there were definite issues of fact before the court, which were only decided ater the most painstaking analysis of evidence. That the decisions in these two cases were based on the weight of the evidence is shown by the fact that Chief Justice Monroe, the organ of the court in the earlier decision, dissented in the later.

The broad and general statements of the court as to burden of proof in passenger claims were obiter dicta, because they were not necessary to the conclusion.

The law seems to me correctly stated in Haynes vs. L. R. & N. Co., 140 La. 1025, 74 So. 538, where the Supreme Court held:

"The burden of proof is on the carrier to prove absence of negligence and not on the passenger to prove negligence where it is shown a contract of carriage has not been fulfilled."

Unquestionably the burden of proof shifts to the carrier, when the passenger proves that an injury has occurred in one of the carrier's vehicles, but the carrier meets that burden, when he proves absence of negligence for this, in the very nature of the case, is all that he can possibly do, when the injury happens in the middle of a crowded car, with the motorman in the front and the conductor in the back.

The rule of res ipsa loquitur does not apply in such a case as this.

The true doctrine is well stated in the case of Saunders vs. Norfolk & W. Ry. Co., 117 S. E. 4, where the court quotes approvingly from Boucher vs. Railroad 79 Atl. 993, the following:

"The plaintiff's right of action is based on negligence, and negligence must be shown to authorize a recovery. If the accident may have been due to other causes than the carrier's negligence, the fact of the accident does not authorize the inference of negligence; but, if the thing causing the injury is entirely within the control of the defendant, and in the ordinary course no accident would result if due care were exercised, the happening of such an accident may authorize an inference of negligence. The fact of any injury is not sufficient. It must be traced to the carrier. It must be shown to have proceeded from something under his control, or from some danger which, under the obligation of extraordinary care, it was his duty to anticipate and provide against."

3 Thomp. Com. Neg. Pars. 2754-2762; Scott vs. London Docks Co., supra; 4 Wig. Ev. Par. 2509; 6 Cyc. 629. Upon the proposition the cases are now in entire accord. The inference of negligence arises, not from the fact of the injury, but from the circumstances under which it occurred. Pennsylvania R. R. vs. MacKinney, 124 Pa. 462, 17 Atl. 14, 2 L. R. A. 820, 10 Am.

St. Rep. 601; Philadelphia, etc., R. R. vs. Anderson, 72 Md. 519, 20 Atl. 2, 2 L. R. A. 673, 20 Am. St. Rep. 483, and note 490; Barnowsky vs. Helson, 89 Mich, 523, 50 N. W. 989, 15 L. R. A. 33; Western Trans. Co. vs. Downer, 11 Wall, 129, 134, 20 L. Ed. 160.

See also Plumb vs. Richmond Light & R. Co., 223 N. Y. 285, 135 N. E. Rep. 504, where the court says:

"Shifting the burden of explanation or of going on with the case does not shift the burden of proof. If a satisfactory explanation is offered by the defendant the plaintiff must rebut it by evidence of negligence or lose his case. On the whole case there must be a preponderance of evidence in favor of plaintiff's contention."

See also McGinn vs. New Orleans Ry. & Light Co., 118 La. 811, 43 So. 450, a case on all fours with the present, where the court uses the following language:

"The proposition contended for by plaintiff—that in an action of this character all that the plaintiff bringing it is required to prove is the accident, the fact that she was a passenger, and that she had not been safely placed on the ground at her destination, when the burden shifts to the defendant company to prove that the accident did not arise from any negligence on its part, or that of its agents or employees—is too broadly stated. The circumstances surrounding and connected with plaintiff's accident were of character such as to withdraw against the defendant any presumption of fault or negligence, and it should not be held responsible.

"The rigor of the rule announced in Article 2754 of the Civil Code touching the burden of proof of carriers is to some degree relaxed in the case of damage to passengers from what it is in reference to things in their care."

None of the cases quoted in the majority opinion go so far as to justify the ruling in the instant case where the defendant has made all the proof possible under the circumstances.

"Lex neminim ad vana cogit."

For these reasons I respectfully dissent.