CUSIMANO v. N. O. PUB. SERVICE, INC.

---

(June 10, 1929. Opinion and Decree.)
(October 21, 1929. Rehearing Refused.)
(March 5, 1930. Opinion and Decree of
Supreme Court on Writ of Certiorari
and Review.)

---

Scott E. Beer, of New Orleans, attorney for plaintiff, appellee.

Ivy G. Kittredge, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. This is a suit in damages for personal injuries by a passenger against the street railway company. The petition alleges that plaintiff, while a passenger on defendant company's street car, attempted to descend from the street car to the street after the car had stopped, but while alighting from the car, it prematurely started, throwing plaintiff into the street, causing painful and serious injury. The defendant admitted that plaintiff had been a passenger on the car and alleged that she was injured after alighting from the car, but denied that it was at fault, and especially alleged that her injuries were caused by her failure to observe the degree of care required by the circumstances then and there existing. There was judgment below for plaintiff for $3,000, and defendant has appealed.

The evidence shows that the street car stopped at the corner in the usual or customary place to discharge passengers and that the street was paved and without any obstructions which would tend to cause a person to fall. The evidence also shows that the plaintiff sustained painful and serious injuries.

The evidence is conflicting as to what caused plaintiff to fall. Plaintiff contends that the car moved or jerked at the time she was stepping from the platform to the step for the purpose of descending to the street. Defendant contends that the car had stopped and did not jerk or start, but that, after plaintiff had descended to the ground and made one or two steps, she slumped down as if she had suddenly become ill or weak.

The plaintiff, Walter Towles, a bystander, colored man and witness for plaintiff, and one Henry Wagner, a passenger on the car and a witness for the defendant, all testified that plaintiff fell off the step of the car into the street. The seriousness of her injuries corroborates them. The unobstructed paved street is a further corroborative fact that plaintiff did not fall while walking away from the car. The conductor, Orto Crochet and Louis Moustier, a passenger on the car, as witnesses for the defendant, testified that plaintiff fell after actually descending to the street and while walking away from the car. The evidence convinces us that plaintiff fell from the step of the car while alighting therefrom and not after she had actually descended into the street.

In the case of Hopkins vs. New Orleans Ry. & Light Co., 150 La. 61, 90 So. 512, 19 A.L.R. 1362, which was a suit by a passenger for damages for personal injuries sustained while alighting from a street car, the defendant contended that plaintiff had reached the ground and fell while attempting to walk away from the car. In disposing of this contention, the court said:

"There is nothing in the record to show that the condition of the ground on which she landed was such as was calculated to cause her to fall; while the reasons and circumstances which she details would appear, if true, to lead naturally to the result which she claims."

On page 74 of the opinion (90 So. 517), after stating the severe injuries which plaintiff had received, the court further said:

"All of this strongly indicates that it is not at all probable that her physical condition resulted or could have resulted from a mere fall while on the ground, as testified to by defendant's witnesses."

On the question of what caused the accident, plaintiff and the witness Walter Towles testified that plaintiff was thrown from the car by its premature starting. They are contradicted by the witnesses Louis Moustier, passenger, and Orto Crochet, conductor, and John Fross, the motorman, who all testified that when once the car stopped it did not start until after plaintiff had been given first aid treatment and removed to the hospital. The evidence is therefore conflicting as to whether or not the premature starting of the car caused plaintiff to fall.

It is contended by the defendant that plaintiff, a white woman, age 30, of average height, weighing 268 pounds, fell because of her tremendous weight. The defendant's own witnesses testified that she slowly walked from inside the car, leisurely stepped on the back platform, and, according to their version, had actually descended into the street unaided and unassisted before she fell. The conductor, although on the platform, made no effort to assist her. It is therefore evident that, while the plaintiff was a woman of unusual weight, nevertheless she was able to walk without assistance.

Plaintiff testified that she is a saleswoman and had to make house to house canvasses to sell the product that she handled and used the street cars daily, thus

showing that she was able to get around reasonably well.

Defendant contends that, as plaintiff alleged specific act of negligence, i. e., premature starting of the car, as the cause of the accident, the burden of proof was upon plaintiff to prove the said allegation. The petition contains the general allegation of negligence, and therefore the specific allegation of negligence is to be treated as surplusage.

In the case of Frazier vs. South New Orleans Light & Traction Co., No. 8608 Orl. App. (see So. Rep. Dig.), this court said:

"The plaintiff in this case does allege general negligence on the part of the defendant. Inasmuch as under our jurisprudence that allegation was sufficient to entitle plaintiff to recover, we consider all the specific allegations of negligence as mere surplusage, and not essential to be proven by plaintiff. We do not favor the grafting of technicalities or the digging of pitfalls in our practice and jurisprudence. We prefer to adopt the rule of fair practice laid down by Judge Provosty (in Lykiardopoulo v. New Orleans & C. R. Light & Power Co., 127 La. 309, 53 So. 575, Ann. Cas. 1912A, 976), in these words: "'Where a plaintiff cannot be expected to have any information as to the cause of an accident, whereas defendant must be assumed to be fully informed, and where the accident is of the kind which ordinarily does not occur when due care has been exercised, plaintiff need not allege nor prove the particular acts of omission or commission from which the accident resulted; but the accident itself makes out a prima facie case, casting on defendant the burden to show absence of negligence, and this rule is of peculiar applicability in cases of boiler explosions.'"

The record does not disclose what caused the accident, and the defendant has not proven what caused the accident and who was at fault.

Plaintiff has proven by a preponderance of evidence that she was a passenger on the car and she was injured while alighting at her destination by falling from the step of the car into the street and thereby established a prima facie case. The burden of going forward and proving that it was without fault and who and what caused the injury was on the defendant.

In the case of Le Blanc vs. Sweet, 107 La. 355, 31 So. 766, 90 Am. St. Rep. 303, quoted with approval in Hopkins vs. New Orleans Ry. & Light Co., the Supreme Court said:

"The carrier 'is bound to exercise the strictest diligence, in receiving a passenger, conveying him to his destination, and setting him down safely, that the means of conveyance employed and the circumstances of the case will permit. There is a broad difference, it may be remarked, between the obligation of a carrier to a passenger and his obligation to a third person complaining of a tort; the burden of proof in the latter case, save where otherwise provided by statute, resting upon the complainant to establish both the injury and the negligence which caused it; whereas, * * * it is sufficient * * * for the passenger suing on a contract for' safe passage 'to establish the contract and to show that he has not been safely set down at his destination,' to throw the burden of explanation on the carrier. It is then for the carrier, and not the passenger, to show what negligence and whose prevented the fulfillment of the contractual obligation of the carrier. Le Blanc v. Daniel Sweet et al., 107 La. 355, 31 So. 766, 90 Am. St. Rep. 303; Am. & En. Enc. of Law (2d Ed.) vol. 5, p. 558; Lehman v. R. Co., 37 La. Ann. 707; Turner v. V. S. & P. R. Co., 37 La. Ann. 648, 55 Am. Rep. 514; Summers v. Crescent C. R. Co., 34 La. Ann. 145, 44 Am. Rep. 419; Peniston v. R. Co., 34 La. Ann. 777, 44 Am. Rep. 444; Julien v. The Wode Hampton, 27 La. Ann. 377; Patton v. Pickles, 50 La. Ann. 857, 24 So. 290; Moses v. R. Co., 39 La. Ann. 649, 2 So. 567, 4 Am. St. Rep. 231.'"

This decision was cited with approval by this court in Rizzo vs. New Orleans Ry. & Light Co., 7 La. App. 686.

Counsel for defendant contends that the district court has misinterpreted the following portion of the above-cited authority:

"It is then for the carrier, and not the passenger, to show what negligence and whose prevented the ○ fulfillment of the contractual obligation of the carrier."

It is contended by counsel for defendant that this rule imposes liability without fault. We do not think this contention is tenable because the presumption of fault merely remains the truth of the case until it is refuted by the defendant's evidence. The theory and policy of the law in putting the burden of proof upon the defendant carrier is predicated on the fact that the carrier is in a better position to know the facts and to ascertain and prove the cause of the accident than the passenger. To impose upon the defendant the burden of explaining the accident does not seem to be unreasonable.

Counsel for the defendant company, in an elaborate and carefuly prepared brief, has undertaken to show that the Supreme Court did not intend to go that far. It is contended that the presumption of ·negligence on the part of the company only arises when the circumstances attending the injury are so unusual or of such a nature that it could not well have happened without the company being negligent; then, and only then, is the burden of going forward and producing evidence in order to escape liability, placed upon the company to show that its negligence did not cause the accident.

We do not so construe the language of the Sweet and Hopkins cases, supra. Until the Supreme Court overrules or mod-ifies the rule cited in those cases, this court must follow it, as we did in the Rizzo vs. New · Orleans Ry. & Light Co.

As to the quantum of damages, the record shows that plaintiff was injured on August 28, 1925; that she sustained a split lip, necessitating two stitches; lost four of her teeth; that her nose was bruised and lacerated; that the whole left side of her face was bruised; that she also suffered contusions and bruises on her left side, knees and elbows, shoulders and head. The evidence shows that she had a small ventral hernia before the accident, which was very much enlarged as a result of the fall; that she was taken to the Charity Hospital and remained there 21 days; that she was under the care of ·her physician from September 20, 1925, to January 12 or 15, 1926, when she was taken to the Touro Infirmary, where she was operated on January 16th, on account of said enlarged hernia, and discharged on February 6, 1926.

The evidence shows that plaintiff was earning $60 a month and lost ten months' time. She owed a doctor bill of $150, paid a hospital bill of $63, drug bill of $29.85, and ambulance charge of $6, making a total loss or damage amounting to $848.85.

The judge of the district court has allowed $3,000 to cover all of the damages and personal injuries. Under the circumstances we consider the amount not excessive, and therefore the judgment appealed from must be affirmed, at the cost of appellant.

WESTERFIELD, J. (concurring). As I see it, this case cannot be distinguished in principle from that of Le Blanc vs. Sweet et al., 107 La. 355, 31 So. 766, 90 Am. St. Rep. 303, and Hopkins vs. New Orleans Ry. & Light Co., 150 La. 61, 90 So. 512, 19 A.L.R. 1362. Accepting the

judicial utterances of our highest court in these two cases as ex cathedra, and not obiter dicta, and as thus establishing the jurisprudence of this state, this court in the case of Rizzo vs. New Orleans Ry. & Light Co., 7 La. App. 686, applied the principle of the cited cases in the determination of the issues presented there. A writ was applied for in the Rizzo case and refused. Without expressing an opinion as to the propriety of the jurisprudence established by these three cases, but without apologizing therefor, I deem it my duty as a member of an inferior tribunal to follow it.

In the case at bar the facts are strikingly similar with those considered by the Supreme Court in the Hopkins case. The defenses made here are almost identical with the defenses made there. The argument of counsel on behalf of this defendant is almost literally the same. It is impossible to recognize in this defense anything but a criticism of the doctrine of this jurisprudence. In fact, these cases are never cited in argument in this court without precipitating a verbal barrage in which the word "insurer," used with crushing irony, issues like shrapnel from the exploding bombs. My position is like that of the participants in a certain renowned military exploit, who, though "stormed at with shot and shell," yet "boldly they rode and well," because, having heard the voice of authority, it was "Theirs not to make reply, theirs not to reason why."

So far as I know, the principle of the cases alluded to has not been qualified, abated, or overruled by the only authority capable of doing so. An intermediate court should recognize that, "Where Mac Gregor sits is the head of the table."

For these reasons, I concur in the majority opinion.

JANVIER, J. (dissenting). My inability to concur in the opinion of my associates results from my unwillingness to accept as correct the interpretation placed by them upon the decision of the Supreme Court of Louisiana in the matter entitled Hopkins vs. New Orleans Ry. & Light Co., 150 La. 61, 90 So. 512, 19 A.L.R. 1362.

In the petition in the present case the only allegation of negligence was that the car had moved as plaintiff was alighting. The trial judge found against plaintiff on this point. In his opinion given on application for a new trial he said:

"On the whole, I find it to be a fact that the car did not move as the plaintiff was alighting from it.
"Thus there is failure to prove the only allegation of negligence which is made by the petition."

I have carefully read the record and am quite convinced of the correctness of this finding of fact. I have no doubt whatever that plaintiff fell either while alighting or just after alighting, and solely and entirely as a result of her own awkwardness or carelessness or possible weakness resulting from illness, and that the car was not started too soon.

But, says the trial judge, although defendant has proven conclusively that the charge of negligence made by plaintiff is not sustained by the evidence, and although the defendant has proven conclusively that it was not negligent in any particular, it has failed to show what negligence and whose negligence caused the injury to plaintiff, and therefore defendant is liable because the Supreme Court of this state, in the case of Hopkins vs. New Orleans Ry. & Light Co., supra, has held that, where a passenger is injured, the defendant, in order to avoid liability, must not only disprove negligence on its part, but must go much further and prove

who and what was responsible. I cannot agree that such is the law of this state, nor that our Supreme Court intended in the Hopkins case to establish any such principle.

I can well understand that, where a passenger is injured under mysterious or unusual circumstances, the burden is on the carrier to explain just what happened; but I do not believe that the proper interpretation of the decision in the Hopkins case requires us to hold that no matter what the circumstances, no matter how open and apparent the happening may be, and no matter how free from negligence the carrier may prove itself to be, the burden is on it to establish every detail with reference to what caused the injury.

I concede that it is logical to hold that, if a train is derailed and a passenger is injured, or if there is a collision and the passenger is injured, it is the duty of the carrier to explain away its own negligence and to show the true cause, because derailments and collisions are caused by circumstances over which the passenger has no control and of which he has no knowledge; but here we have an affirmative allegation that the cause of the accident was the sudden starting of the car and we have the finding of the trial court, in which I thoroughly concur, that the car did not start. Must the carrier go further and show that the plaintiff was injured because of a bilious attack or because one of her ankles was weak; if so, then there is a burden placed on the carrier which, in my judgment, is most unreasonable, and which in the majority of instances it cannot possibly sustain.

In the Hopkins case the court found that the facts were entirely with the plaintiff. Here the court finds that the facts are entirely with the defendant.

If the majority opinion in this case is correct, what becomes of the doctrine announced in Adkins vs. New Orleans Ry. & Light Co., 2 La. App. 130, which involved injuries to a passenger, and in the syllabus of which this court said:

"In a tort action, plaintiff must prove with reasonable certainty a specific act of negligence charged in his petition. * * *"

If the majority opinion here is correct and the decision in the Hopkins case is to be interpreted as my associates propose, how can we explain the decision of the Supreme Court in Veith vs. New Orleans Ry. & Light Co., 152 La. 47, 92 So. 730, in which it was claimed that the injuries resulted from the sudden starting of the car and in which the court found that the car was not suddenly started? The passenger was very severely injured. No real explanation of the injury was given, but the court felt that the defendant had satisfactorily disproved its own negligence.

I am convinced that the finding in the Hopkins case did not require the statement quoted from Le Blanc vs. Sweet, 107 La. 355, 31 So. 766, 90 Am. St. Rep. 303:

"It is then for the carrier, and not the passenger, to show what negligence and whose prevented the fulfillment of the contractual obligations of the carrier."

A reading of many decisions of this court and of our Supreme Court convinces me that such is not the law of this state and that, where the accident is open and apparent, and the passenger has every opportunity to see what is going on, and having seen, makes specific allegations of negligence, and the carrier disproves those allegations, the passenger cannot recover merely because the carrier has not gone

further and proven what negligence and whose is responsible.

My associates cite Lykiardopoulo vs. New Orleans & C. R. Light & Power Co., 127 La. 309, 53 So. 575, Ann. Cas. 1912A, 976. In the opinion rendered by the Supreme Court in that case appears the following:

"In cases where the plaintiff cannot be expected to have any information as to the causes of the accident, whereas the defendant, on the contrary, must be assumed to be fully informed on the subject, and where the accident is of the kind which ordinarily do not occur when due care has been exercised, the rule of evidence is that the accident speaks for itself—res ipsa loquitur—that is to say, that a presumption of negligence arises from the fact itself of the accident. In such cases, the plaintiff not only need not allege the particular acts of omission or commission from which the accident has resulted, but need not even prove them. The accident itself makes out a prima facie case, and the burden is on defendant to show absence of negligence."

That case sems to me to be most favorable to defendant's contention and to support two propositions, first, that it is only in those cases in which the circumstances are mysterious or are peculiarly within the knowledge of defendant that there is a presumption of negligence and a shifting of the burden of proof, and, second, that even in such cases all that defendant need do to rebut this presumption and avoid liability is disprove its own negligence. It should not be required to go further and prove what and who caused the accident.

A carrier is not responsible to a passenger as an insurer. In certain cases his responsibility results not because he is an insurer, but because there is a prima facie presumption from the injury itself that the carrier is negligent. If he disproves this negligence, that is all that should be required of him. To require him to go further and prove the cause, when he has already proven that the cause is not his negligence, is, in my judgment, to require more than is justified by the law and by the jurisprudence of this state.

For these reasons I respectfully dissent.