RITCHIE v. N. O. PUBLIC SERVICE, INC.

Connolly & Simoneaux, of New Orleans, attorneys for plaintiff, appellant.

A. B. Leopold, of New Orleans, attorney for defendant, appellee.

(March 2, 1931. Opinion and Decree.)

Ivy G. Kittredge, of New Orleans, attorney for defendant, appellee.

Richard A. Dowling, of New Orleans, and J. J. Jackson, of Hammond, attorneys for plaintiff, appellant.

WESTERFIELD, J. Mrs. Ritchie, the plaintiff in this case, sues the local street railway company in damages, which she fixes in the sum of $859, alleged to have been sustained by her while a passenger in one of defendant's cars. There was judgment below in defendant's favor and plaintiff has appealed.

The record shows that on June 25, 1929, at about 10:00 a. m., Mrs. Ritchie, while a passenger in defendant's street car, intending to signal for a stop, reached for the buzzer button near the window adjacent to the seat in which she was sitting. For some reason she did not succeed in operating the buzzer and arose from her seat and moved toward the front of the car, holding on to the handle of one of the cross seats and calling to the motorman to stop at the next corner. As the car was brought to a stop, she lost her balance and was thrown against the side of the car, her face striking a metal container used by the company for holding pamphlets. She charges that the car was traveling at an excessive rate of speed and was stopped with unusual violence.

The evidence clearly preponderates to the effect that the street car was operated at a normal speed, and that the stop was made without any unnecessary jolt or jar, Mrs. Ritchie's accident being due entirely to the fact that she lost her balance in walking about the street car while it was in motion for the purpose of reaching another buzzer button, under the erroneous impression that the one she first tried to ring was out of order. We say erroneous impression because immediately after the accident the conductor had no difficulty in operating the exact button which she reached for.

Under the circumstances we find the defendant to be without responsibility in the premises.

As was said in Nee v. N. O. Public Service, Inc., 11 La. App. 1, 123 So. 135, 136:

"Cars must be stopped and must be started, and, if these operations are conducted without unusual jolt or jar, no liability results merely by reason of the fact that some person is thrown off balance." See, also, Sharp v. N. O. City R. R. Co., 111 La. 395, 35 So. 614, 100 Am. St. Rep. 488; Veith v. N. O. Ry. & Light Co., 152 La. 47, 92 So. 730; Philips v. St. Charles St. R. R. Co., 106 La. 592, 31 So. 135; Vincent v. N. O. Ry. & Light Co., 134 La. 654, 64 So. 654; Aiken v. Southern Pacific Co., 104 La. 157, 29 So. 1.

The authorities relied upon by plaintiff, Le Blanc v. Sweet, 107 La. 355, 31 So. 766, 90 Am. St. Rep. 303; Hopkins v. N. O. Railway & Light Co., 150 La. 61, 90 So. 512, 19 A. L. R. 1362; and Cusimano v. N. O. Public Service, Inc., 12 La. App. 586, 122 So. 903, are not in point. There is no question here as to how the accident occurred and the presumption of the carrier's negligence, which arises when a passenger is injured, has been entirely overcome in this case by the proof in the record concerning the operation of the car and the manner in which the accident happened.

For the reasons assigned the judgment appealed from is affirmed.