Only upon rare occasions do Courts find it necessary or desirable to assign written reasons for their actions upon applications for rehearing. The temptation to argue the correctness of the opinion on original hearing is always strong and must be firmly resisted by the members of the Court, it being remembered that judges, after all, are lawyers at heart. If an application for rehearing convinces the Court that there is a serious question as to the correctness of its original judgment, it should grant the rehearing, and, in such event, there is no necessity for a written opinion. If, on the other hand, the opinion of the Court remains unchanged after considering the points raised in application for rehearing, *Page 358 
this relief is refused, and, again, ordinarily, there is no need for an opinion.
But, in those cases where arguments in support of applications for rehearing obviously evidence the fact that the opinion of the Court has been misunderstood or misinterpreted, then, we consider it the duty of the Court to attempt by means of a per curiam to clarify the points, if they are of serious import or effect, which have been so misunderstood or misinterpreted.
Counsel for defendants, in brief on application for rehearing, vigorously urges error in the original opinion of this Court on the mistaken ground that the holding of the Court fixed liability upon the defendant bus driver because he failedto get his vehicle out of the way of a recklessly driven truck. This assumption is unwarranted, and we take this opportunuity of emphasizing what we attempted to make clear in our opinion on this point, namely, that the negligence of the bus driver consisted of his failure to make every effort that wasreasonably possible, after he saw or could have see the danger,to move his vehicle out of the path of such danger.
Even if the Court were not convinced that the negligence of the bus driver had been established, the case would still be with the plaintiff, who made a prima facie case of injury while occupying the status of a paying passenger. The defendant public carrier has not met its legal burden of showing lack of negligence. Grant v. Baton Rouge Bus Co., La. App.,15 So.2d 123, 124; Johnson v. City of Monroe et al., La. App., 164 So. 456, 459; Haynes v. Louisiana Ry. Nav. Co., 140 La. 1019, 74 So. 538; Cusimano v. New Orleans Public Service, 12 La. App. 586, 122 So. 903; Wallace v. Shreveport Rys. Co., La. App., 175 So. 86.
A number of the errors charged to the Court in defendants' application for rehearing are comprehended by the contention that the Court created a new and greater duty than the one alleged upon by plaintiff, the violation of which duty was claimed as ground for the charge of negligence.
The Court considers this contention answered by Article 14 of plaintiff's petition, which reads as follows:
"That despite the impending danger of a collision, the driver of the bus continued driving toward the oncoming truck andmade no effort to leave the paved portion of the highway untilit was too late to avoid a collision." (Emphasis by the Court)
The facts upon which this charge of negligence was sustained were established by the testimony of the defendant bus driver himself, as was particularly pointed out both in our original opinion and in the opinion of the trial judge.
If for no other reason, the Court would find it necessary to write this per curiam for the purpose of removing from counsel's mind any idea that the language of a portion of the opinion of this Court, even by implication, intended to unfavorably reflect upon counsel's conduct.
Distinguished counsel for defendant, in his brief, pointedly and firmly objected to that portion of the Court's opinion which reads as follows:
"Aided by the skillful questioning of his counsel, an attempt was made by the defendant, Lowe, to qualify his testimony to such extent as would leave the impression that all of the zig-zagging maneuvers of the truck occurred within the last 100 yards between the meeting vehicles."
Spurred by the knowledge that counsel construed this passage as a reflection upon his professional conduct, we have carefully re-examined the language quoted, and can find nothing therein by word or implication which, in our opinion, could reasonably be regarded as offensive. On the contrary, it was the purpose of the Court to pay deserved tribute to that characteristic of counsel which we chose to designate by the term "skillful", which characteristic was evident throughout his work in both the trial of the case and its presentation on appeal. This Court does not deal in "implications" with reference to the conduct of attorneys who appear before it. We are fully cognizant of the absolute integrity of counsel, both professional and personal, and can only express our regret that a passing comment upon his high degree of professional ability was apparently misconstrued.
The application for a rehearing is denied. *Page 359